## STANDARD ACC. INS. CO. v. ARNOLD et al. (No. 7167.)

Court of Civil Appeals of Texas. Austin. Dec. 2, 1927.

1. **Master and servant** ☞417(3½)—Employer held not proper party defendant in insurer's action to set aside compensation award (Rev. St. 1925, art. 8307, § 5).

Employer *held* not proper party defendant, in action by insurer to set aside award in compensation proceedings under Rev. St. 1925, art. 8307, § 5, since where evidence which would sustain recovery by claimant against insurer would not permit recovery over against employer, to permit joinder, cause of action must exist in favor of plaintiff and against all defendants.

2. **Master and servant** ☞417(5)—Insurer's suit to set aside compensation award is "trial de novo" in which claimant has burden to establish claim (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).

Suit by compensation insurer to set aside award of Industrial Accident Board under Workmen's Compensation Act, Rev. St. 1925, arts. 8306–8309, constitutes trial de novo of question of claimant's right to recover, in which burden is upon claimant to establish his claim under article 8307, § 5.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trial de Novo.]

3. **Action** ☞50(1)—Controversies between same parties relating to same subject-matter should be settled in one suit, provided rights of parties are not prejudiced.

All controversies between same parties growing out of the same transaction or relating to the same subject should be settled in one suit, where this can be done without undue prejudice to rights of any parties.

4. **Master and servant** ☞417(3½)—Dismissal as to employer of compensation insurer's suit involving, as to employer, only issue of permitting extrahazardous work, held not error (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).

Where only issue involved as between compensation insurer and employer in insurer's suit to set aside award of compensation under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), was whether employer caused employee to perform extrahazardous work not contemplated by policy, and where employ-

er if sued alone would be entitled to have venue of case transferred to his own county, dismissal of suit brought in county of injury under article 8307, § 5, as to employer on ground of probable prejudice resulting from joinder, was not abuse of discretion.

5. **Master and servant** ☞396—Statute requiring institution of suit to set aside award in county of injury does not necessarily apply to insurer's action against employer (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).

Rev. St. 1925, art. 8307, § 5, requiring suit to set aside award under Workmen's Compensation Act (Rev. St. arts. 8306–8309) to be brought in county of injury, does not necessarily apply to action by insurer against employer.

6. **Parties** ☞51(2)—Question of joinder of parties is largely within trial court's sound judicial discretion, where joinder may prejudice parties' rights.

Question of joinder of parties is largely within trial court's sound judicial discretion, where prejudice may result to parties' rights from permitting joinder.

7. **Master and servant** ☞371—Injury to garage mechanic cranking aeroplane engine off employer's premises held within "course of employment" (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5, and art. 8309, § 1]).

In action to set aside award under Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 5), injury to skilled garage mechanic working under employer's control and direction, resulting from cranking aeroplane engine in connection with mechanic's repair of machine, *held* within "course of employment" under article 8309, § 1, where repair of aeroplanes was customary in garage, notwithstanding accident took place off employer's premises.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

8. **Master and servant** ☞348—Workmen's Compensation Act is liberally interpreted.

Court must give to Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) and policies written under it a liberal interpretation to protect employees.

9. **Master and servant** ☞405(2)—Evidence held to sustain finding that employee, injured while repairing another's aeroplane off employer's premises, was under employer's control (Rev. St. 1925, art. 8307, § 5).

In action to set aside compensation award under Rev. St. 1925, art. 8307, § 5, evidence *held* to sustain finding that employee doing work off employer's premises in repairing aeroplane for another company was under complete control and direction of employer, whose manager was on grounds, where employee received pay from employer.

Appeal from District Court, Crockett County; C. R. Sutton, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by the Standard Accident Insurance Company against Mrs. Lois Arnold and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Eskridge & Williams, of San Antonio, for appellant.

Collins, Jackson & Snodgrass, of San Angelo, for appellees.

BAUGH, J. This suit was brought by appellant, as plaintiff below, to set aside an award of the Industrial Accident Board in favor of appellees. Judgment was for appellees, from which the insurance company has appealed.

The policy in question was issued by appellant under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) to Otho Eddleman, doing business as the "Auto Brokerage Company at San Angelo, Tex.," and covered such business under the following terms:

"Automobile dealers—with or without garage —all employees, including chauffeurs and their helpers, office employees and salesmen."

The operations named in the policy as covered thereby were as follows:

"(1) All industrial operations upon the premises. (2) All office forces. (3) All repairs or alterations to premises. (4) Specially rated operations on the premises. (5) Operations not on the premises."

G. D. Arnold, one of the garage mechanics employed by the Auto Brokerage Company, while "cranking" an aeroplane at Ozona, in Crockett county, and while repairing same as a mechanic, was struck in the head by a propeller and killed. The award was made to his wife and children and a portion set aside to his attorneys, as authorized by the Compensation Act.

Plaintiff sought to set aside said award on the grounds that the risk which occasioned Arnold's death was not covered by the policy: First, because he was not engaged in the course of his employment at that time, and, second, because he was not at the time of the injury the employee of the insured, but had been loaned by him to the "San Angelo Airways," a corporation which owned the aeroplane. It also impleaded Otho Eddleman, Arnold's employer, alleging that if it should be held liable to claimants for compensation, that it should have like judgment over against Eddleman for the reason that he had caused Arnold to assume risks not covered by nor contemplated in the policy. The trial court dismissed Eddleman from the suit on the grounds of misjoinder of parties and causes of action.

The questions here presented are: (1) The action of the trial court in dismissing the action against Eddleman; and (2) whether Arnold was injured in the course of his employment under the terms of the policy.

[1-3] The trial court did not err in dismissing the suit of appellant against Eddleman. Though the suit was brought by appellant as plaintiff to set aside an award of the Industrial Accident Board, under the statute it then became a trial de novo on the question of claimants' rights to recover against the insurance company under said policy, in which the burden was upon them to establish this claim. Article 8307, § 5, R. S. 1925. The claimants, in effect, became plaintiffs and the insurance company a defendant.

It is the policy of the law to permit all controversies between the same parties growing out of the same transactions, or relating to the same subject, to be settled in one suit "where this can be done without undue prejudice to the rights of any of the parties." Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 80. Or, as, stated in Nueces County v. Gussett (Tex. Civ. App.) 213 S. W. 725, "where the introduction of parties defendant does not prejudice the rights of those who have already commenced the litigation." See, also, Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423. In an extended discussion of the question of misjoinder, and after a review of the leading cases on this subject, Judge Nickels in an opinion expressly approved by the Supreme Court, in Barton v. Farmers' State Bank (Tex. Com. App.) 276 S. W. 181, laid down the following elements as essential to sustain a proper joinder, where objection is made by the parties thereto:

(a) "Privity in transaction, or contract, as between the plaintiff and the defendants"; (b) "existence of a cause of action in favor of the plaintiff and against all of the defendants"; and (c) "the fact that, on the main aspects, the proof necessary to a recovery by the plaintiff also substantially determines the basic issues as between the codefendants."

The second element is wholly lacking in the instant case. If claimants are entitled to recover at all against the insurance company, they could recover nothing against Eddleman. And having shown that said policy was issued to Eddleman, that Arnold was in his employ when injured during the life of said policy, that he was injured in the course of his employment, and the amount of their compensation, the claimants are entitled to recover. But this same evidence would not sustain a recovery in favor of appellant against Eddleman.

[4-6] There is no contention that said policy was void, obtained by fraud, or that its express provisions were violated. Appellant only insists, in this respect, that Eddleman caused Arnold in the course of his employment to perform more dangerous and hazardous work than was contemplated in the policy for a mechanic in a garage. Such an issue between the insurance company and Eddleman should not be allowed to prejudice or

delay the rights of the claimants to their compensation.

It may also be noted that, under the statute, the suit must be brought in the county (Crockett) where the injury occurred. See article 8307, § 5, R. S. 1925; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1085. In the Mingus Case the Supreme Court held that venue in such county is mandatory, exclusive, and jurisdictional. This applies to the rights of claimants, under said statutes, but not necessarily to an action by appellant against Eddleman. Had appellant brought a separate suit against Eddleman in Crockett county, after its liability to claimants had already been there established, he would have been entitled to have the venue thereof transferred to the county of his residence. In view of these facts, we think the trial court could properly conclude that retaining Eddleman in said suit would probably prejudice the rights both of Eddleman and the claimants. Such matters are within his sound judicial discretion. See Skipwith v. Hurt, supra; National Surety Co. v. Atascosa Ice, Water & Light Co. (Tex. Com. App.) 273 S. W. 824; Gulf, W. T. & P. R. Co. v. Browne, 27 Tex. Civ. App. 437, 66 S. W. 341. And in the instant case we find no abuse of that discretion.

It is immaterial that the injury occurred off the premises of the employer. The language of the policy itself covers such injuries, if in the course of employment, as does the language of the Compensation Act itself. In defining what constitutes injuries sustained in the course of employment, section 1, art. 8309, R. S. 1925, after setting forth certain injuries not included, provides:

"* * * But shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

[7, 8] The evidence shows that at the time of his injury and death Arnold was employed by the Auto Brokerage Company as a mechanic in its garage; that he was a skilled mechanic in the repair of all kinds of gasoline engines, including aeroplane engines, being an aeroplane pilot of extensive experience himself; that in the operation of such garage, the repair of gasoline propelled motors, including automobiles, tractors, and aeroplanes, was usual and customary, said garage having habitually kept in repair the aeroplanes owned and operated by the "San Angelo Airways," that being one of the purposes of Arnold's employment, and one of his duties. He was also called upon as one of his usual duties to repair other aeroplane engines coming to, or stopping at, San Angelo.

Under such circumstances we can see no difference in principle, nor in the application of the Workmen's Compensation Act, between an injury in "cranking" an aeroplane engine in connection with a mechanic's repair of same, and one suffered in "cranking" an automobile, truck, or tractor engine, under like circumstances. If the service involved came within the "course of his employment," which was covered by the terms of his employer's policy, we are not concerned with the danger involved in the particular task in which the employee may have been engaged. In our opinion the injury in the instant case was covered by said policy, and we see no good purpose to be served by a discussion of the numerous cases that could be cited in support of our conclusion, in which the rules applicable are discussed. The statute itself is plain and explicit, and the Supreme Court has elaborated upon it somewhat in Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402. It is our duty to give such act and the policies written under it a liberal interpretation in giving protection to employees.

[9] Only one other question remains which we deem it necessary to discuss, and what we have already said in effect disposes of that. Appellant insists that Arnold was at the time of the injury loaned to the "San Angelo Airways," was subject to its directions, and therefore not under the control of the Auto Brokerage Company. If Arnold had in fact passed out from under the control of his master, and had become subject to the party to whom he was so loaned or hired, a serious question would be presented. But the evidence was amply sufficient we think, without prolonging this opinion by setting it out here, to sustain the trial court in concluding that Arnold was at the time of the injury under the complete control and direction of the Auto Brokerage Company. He was paid by said company, under the control and direction of its manager and owner who was on the grounds, and whatever charges were made for his services were paid to his employer by the San Angelo Airways.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.