TEXAS EMPLOYERS' INS. ASS'N v. HERRON et al.

No. 932.

Court of Civil Appeals of Texas. Waco.
June 5, 1930.

Rehearing Denied June 26, 1930.

Harry P. Lawther and H. B. Sanders, both of Dallas, for appellant.

Trippett, Richey & Sheehy, of Waco, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted by the Texas Employers' Insurance Association, an insurance carrier, from a judgment awarding to Bertha Herron, surviving wife, and Gordon Herron, Nellie Herron, and Eugenia Bell Herron, minor children of Alvin A. Herron, an employee of the Texas Power & Light Company, compensation for his death.

The case was submitted on special issues, in response to which the jury found, in substance, that: (1) Said Alvin A. Herron was accidentally knocked from his motorcycle on Commerce street in Dallas, Tex., on April 7, 1928; (2) injuries resulted to said Herron from being so knocked from his motorcycle; (3) such injuries were sustained by him while in the employ of the Texas Power & Light Company; (4) such injuries were sustained by him in the course of his employment with said company; (5) such injuries were the producing cause of his death; (6) his average daily wages for the year immediately preceding his injury were six dollars; (7) manifest hardship and injustice will result to appellees if their compensation is not paid in a lump sum; (8) said Herron first became aware of his injuries on June 2, 1928; (9) he gave notice of his injury to his employer or foreman on June 2, 1928; (13) appellees have not paid any doctors', nurses', hospital or medical bills.

The court also submitted special issues from 10 to 12, inclusive, and from 14 to 18, inclusive, and the jury returned findings in response thereto. Said issues and findings are not material to the propositions of law hereinafter discussed, and therefore need not be recited. The trial court, upon said findings of the jury and upon additional findings made by him, rendered judgment in favor of appellees against appellant for the sum of $5,900 as a lump sum settlement in lieu of weekly payments of compensation, and for the further sum of $294.80 as medical and hospital fees. He apportioned the sum between the said surviving wife and minor children of the employee Herron, and their attorney who prosecuted their claim for compensation.

Opinion.

Appellant complains of the action of the court in submitting, over its objection, special issue No. 1, in response to which the jury found that said Alvin A. Herron was accidentally knocked from his motorcycle on Commerce street in Dallas, Tex., on April 7, 1928. The grounds specified in appellant's objection were that the provisions of the Workmen's Compensation Act required, as a basis for the payment of compensation, an accidental injury, and that the mere fact that the employee Herron suffered an accident was immaterial, and on the further ground that the testimony was insufficient to show when, how, or where said Herron was injured. Appellant further complains of the action of the court in submitting, over its objection, special issue No. 2, in response to which the jury found that injuries resulted to said Herron from his being so knocked from his motorcycle. The ground specified in such objection was that the testimony was insufficient to justify the submission of such issue, in that it failed to show that any injury did in fact result.

The testimony of Mrs. Arrendiell, a witness for appellees, showed that a man riding a motorcycle was struck by an auto on Commerce street in the city of Dallas between eleven and twelve o'clock on April 7, 1928; that said car struck the back wheel of the motorcycle, turned the rider over, and turned him a somersault; that he hit on his head and shoulder; that when he got up he appeared to be dizzy; that he at the time complained of his leg and ankle. The witness examined a photograph of Herron and testified that the same was a picture of said man. Other corroborative details were furnished by her testimony. There were also some inconsistencies in her testimony. The testimony further showed that Herron was working at the time for the Texas Power & Light Company and under the direction of one Allred as foreman; that the gang of workmen to which Herron belonged finished a job at Wills Point (east of Dallas) that morning and was ordered to transfer to Red Oak (south of Dallas) and report there on the Monday morning following. While Herron was allowed necessary time to make the trip by rail and railroad fare therefor, he was permitted to choose his own means of transportation. He did make the trip on his motorcycle. His foreman, Allred, made the trip in his auto and passed him on his motorcycle at or about the place of accident, but did not in fact witness the same. The testimony further showed that Herron complained of trouble in his ear, or in that region, a few days thereafter. Such trouble was not then attributed to the accident. The testimony further showed that his condition became critical on or about the 30th day of May following, and that he was then taken by his said foreman, Allred, to a sanitarium in Waco for a diagnosis of his ailment and treatment therefor. The physician who examined him testified that he found infection and suppuration in the mastoid area; that such condition could be caused by a blow in that region; that in his opinion said condition resulted from such a blow, and, in response to a hypothtical question based on the facts disclosed by the testimony before the court, that said injury and the subsequent death of Herron therefrom resulted, in his opinion, from the accident so shown by such testimony.

A distinction is made in compensation cases between an accident to an employee and the injury, if any, resulting there-

from. Injury in this sense means the state of facts or condition which entitles the employee or his beneficiaries to compensation. The two elements are not necessarily concurrent. The injury may develop long after the accident but still be the result thereof, within the requirements of the act. Texas Employers' Ins. Ass'n v. Fricker (Tex. Civ. App.) 16 S.W.(2d) 390, 394, pars. 1 to 3, inclusive (writ refused); Texas Employers' Ins. Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386, 388 et seq., pars. 3 and 4. The separate submission of the issues of accident and resulting injury was not improper under the facts of this case, nearly two months having elapsed from the time of the accident until the injurious results therefrom became apparent.

■ Inconsistencies and contradictions in Mrs. Arrendiell's testimony merely raised questions of fact for the jury. Funk v. Miller (Tex. Civ. App.) 142 S. W. 24, 25, par. 1; Melburn v. Webb (Tex. Civ. App.) 277 S. W. 800, 801; Davis v. Petroleum Casualty Co. (Tex. Civ. App.) 13 S.W.(2d) 981, 983; Farmers' Gin Co. v. Smith (Tex. Civ. App.) 28 S.W. (2d) 839.

■ In determining whether the court properly submitted to the jury for findings whether Herron was the man whom Mrs. Arrendiell saw knocked from his motorcycle and saw land on his head, and whether his death resulted from an injury caused thereby, we must consider only the evidence favorable to appellees' contention, discarding all evidence to the contrary. No question of preponderance of evidence is involved. Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311, 315, par. 4, and authorities there cited. The evidence before the court required the submission of said issues, and appellant's objections thereto were without merit.

■ Appellant complains of the action of the court in submitting over its objection special issue No. 3, in response to which the jury found that Herron's injuries were sustained by him while an employee of said company. Appellant further complains of the action of the court in submitting over its objection special issue No. 4, in response to which the jury found that such injuries were sustained by him in the course of his employment with said company. The principal ground of objection was that the testimony was insufficient to justify the submission of such issues, but, on the contrary, indicated affirmatively that such injuries, if any, were received by him outside the course of his employment.

The testimony, in addition to the facts hereinbefore recited, further showed that the witness Allred was foreman of a gang of workmen employed by the Texas Power & Light Company, and that Herron was a member of such gang; that such gang was an itinerant one and was transferred from place to place as the business of the employer demanded; that Herron joined said gang at Nacogdoches about eight or nine months before his death; that the same was transferred from there to Lindale, from there to Como, from there to Mabank, from there to Red Oak, from there to Wills Point, from that point back to Red Oak, from there to Brownwood, from there to Mt. Calm and from there to Bynum, from which last named point Herron was carried to the sanitarium, where he died. The testimony further showed that said foreman in going from Wills Point to Red Oak traveled along Commerce street in Dallas, upon which Herron sustained said accident, and at about the time thereof. It also showed that Herron at such time was dressed in working clothes and carried working tools in his pockets.

The act under consideration, after excluding four separate kinds of injuries, none of which are relevant here, provides that the term injury sustained in the course of employment "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer *whether upon the employer's premises or elsewhere.*" (Italics ours.) Rev. St. 1925, art. 8309, § 1. In the great majority of instances, at least, an employee discharges the duties of his employment during prescribed hours, upon premises owned or controlled by his employer and furnished for such purpose. In such cases accidental injuries received by an employee within such hours, while performing the duties of his employment, or something incident thereto on such premises, or while entering or retiring therefrom by the route and in the manner provided or contemplated by the employer, are held to have been sustained in the course of employment. Petroleum Casualty Co. v. Green (Tex. Civ. App.) 11 S.W.(2d) 388, 390, et seq., pars. 1 to 4, inclusive. In such cases, however, injuries received by the employee after his hours of labor are over and after he has left the premises of the employer and is in pursuit of his own purposes, whether upon a public highway or elsewhere, are held to be without the course of his employment, as that term is used in the statute. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949, 957, par. 7; London Guaranty & Accident Co. v. Smith (Tex. Civ. App.) 290 S. W. 774, 775, par. 2. However, as aptly said by our Supreme Court in Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 73, par. 1, 28 A. L. R. 1402: "Though injuries arising from risks incidental to employment most frequently occur during hours of active labor and on premises within the control of the employer, yet they are not al-

ways so circumscribed either as to time or place." Citing I. & G. N. Ry. Co. v. Ryan, 82 Tex. 571, 18 S. W. 219; H., E. & W. T. Ry. Co. v. McHale, 47 Tex. Civ. App. 360, 105 S. W. 1149, 1151; Latter's Case, 238 Mass. 326, 130 N. E. 637, 638. Under the express terms of the statute above quoted, it is not necessary that such injuries should be sustained on the employer's premises. The terms of the employment may contemplate that the services rendered thereunder shall be rendered in part at least on premises other than those of the employer, or by traveling on public streets and highways. An employee, while traveling along such public streets or highways, is in such cases discharging the duties of his employment. The risks and hazards incident thereto are encountered by him in order to perform the task assigned him by his employer, and accidental injuries sustained as a result thereof originate in the work or business of his employer and are sustained in the course of his employment. Lumberman's Reciprocal Ass'n v. Behnken, supra; . Consolidated Underwriters v. Breedlove, 114 Tex. 172, 173 et seq., 265 S. W. 128, 129. A quotation in the case last cited, from Honnold on Workmen's Compensation, p. 355, is peculiarly applicable to the facts in this case and is as follows: "Where it is the duty of an employee to go *from one job to another* or to places away from the employer's office and then to return thereto to make a report, he is, at all such times, acting in the course of his employment." (Italics ours.) See, also, Royal Indemnity Co. v. Hogan (Tex. Civ. App.) 4 S.W.(2d) 93, 95 et seq., par. 2 (writ refused); Maryland Casualty Co. v. Long (Tex. Civ. App.) 9 S.W.(2d) 458, 459 et seq., par. 1; Watts v. Continental Casualty Co. (Tex. Com. App.) 18 S.W.(2d) 591 et seq., par. 1; Fidelity Union Casualty Co. v. Hammock (Tex. Civ. App.) 5 S.W.(2d) 812, 814 et seq., par. 5; Maryland Casualty Co. v. Kent (Tex. Com. App.) 3 S.W.(2d) 414, 416, par. 3; Standard Accident Ins. Co. v. Arnold (Tex. Civ. App.) 1 S.W.(2d) 434, 436, par. 7; Columbia Casualty Co. v. Kee (Tex. Civ. App.) 11 S.W.(2d) 529, 532, par. 3; United States Fidelity & Guaranty Co. v. Lowry (Tex. Civ. App.) 231 S. W. 818, 821 et seq. The testimony hereinbefore recited shows that not only Herron, but the gang with which he worked, were as such required to travel from place to place as the exigencies of the business of the employer demanded, and that Herron, in traveling from Wills Point to Red Oak, was discharging a duty contemplated by the terms of his employment, and that the injuries found by the jury to have been received by him as the result of said accident were sustained in the course of his employment. The issues under consideration were therefore properly submitted to the jury.

Appellant complains of the action of the court in submitting over its objection special issue No. 7, in response to which the jury found that manifest hardship and. injustice will result to appellees if their compensation is not paid in a lump sum. The ground of objection was that the term "manifest hardship and injustice" was a legal term, and that the court should have defined the same so as to enable the jury to intelligently answer such issue. Appellant cites no authority in support of such complaint. The Court of Civil Appeals for the Sixth district, in Texas Employers' Insurance Ass'n v. Brock, 26 S.W. (2d) 322, 324, par. 5, held that the words "manifest hardship and injustice" were words in common use, and that it should be assumed the jury knew the meaning of the same as well as the court knew it. See, in this connection, Texas Employers' Insurance Ass'n v. Lovett (Tex. Civ. App.) 19 S.W.(2d) 397, 400, par. 9. Appellant's objection to the submission of said issue on the ground stated was properly overruled.

Appellant complains of the action of the trial court in rendering judgment against it in favor of appellees for the sum of $294.80 medical and hospital bills for services rendered to said Herron from the time he was brought to the sanitarium at Waco for diagnosis and treatment until his death, June 21, 1928. The most material objection urged to said judgment is that, since it was not shown that said medical and hospital bills had been incurred or paid by appellees, they were not entitled to recover for the same. Appellees in their cross-action alleged that the employee Herron, the employer, and appellant had incurred said bills as necessary expenses of the treatment of said employee. Said bills consisted of charges for services rendered by four doctors, respectively, and by the sanitarium, and amounted in the aggregate to $294.80. Appellees alleged in that connection that all the same were incurred in the nature of emergency treatment of said employee and were rendered at the instance of said Allred, the employer's foreman. No other basis for recovery of the same by appellees was shown by their pleadings. Neither of said physicians nor the sanitarium was a party to this suit. Appellant requested and the court submitted special issue No. 13, in response to which the jury found that appellees had not paid any of the medical or hospital bills sued for by them. The court found and recited in his judgment that said medical and hospital bills had been incurred under the provisions of the act; that the services so rendered were necessary and the charges therefor reasonable, and that appellant had notice thereof. The court thereupon rendered judgment in favor of appellee Bertha A. Herron for one-half of the amount of said medical and hospital bills, and for each of the minor appellees for one-sixth thereof. There was neither contention nor testimony that said services were rendered at the in-

stance of Mrs. Herron, nor that she had in any way incurred personal liability for the charges made therefor. Of course no such liability had been incurred by the minor children. The testimony showed that Allred, the employer's foreman, carried Herron to the sanitarium and selected the physician or physicians who examined and treated him. The employer therefore had notice of the injury within the requirements of section 7, article 8306 of our Revised Statutes. Said section, so far as applicable when the carrier has notice of the injury, provides in substance that during the first four weeks of the injury the insurance carrier shall furnish reasonable medical aid, hospital services, and medicine as and when needed; that if it fails to do so the injured employee may provide the same at the cost and expense of the carrier; that the employer shall not be entitled to recover any amount expended or incurred by him for such purposes, nor shall any person who supplied the same be entitled to recover therefor, unless the carrier shall have failed or neglected to furnish the same within a reasonable time. There is no testimony in this case tending to show that the medical and hospital services under consideration were furnished to Herron by appellant. The clear import of said provisions is that the right to recover the cost of such services accrues to the injured employee, if incurred by him, or to the party or parties furnishing the same. No such right of recovery is conferred thereby on the statutory beneficiaries, who may become entitled to compensation solely by reason of the death of the employee. Such compensation constitutes no part of the estate of the deceased, but is payable directly to such beneficiaries. Their right thereto does not accrue to them by inheritance, but by statutory designation. Texas Employers' Ins. Ass'n v. Boudreaux (Tex. Com. App.) 231 S. W. 756, 758; Floyd v. Fidelity Union Casualty Co. (Tex. Civ. App.) 13 S.W.(2d) 909, 913 et seq., par. 10. They do not, therefore, under the law succeed to the right of the injured employee to recover for such charges paid or incurred by him. There being nothing in the statute to the contrary, such right of recovery would, it seems, pass on his death to his personal representatives as a part of his estate. We therefore, in view of the finding of the jury in response to special issue No. 13, as aforesaid, are of the opinion that, before appellees could recover the charges made for medical and hospital services furnished to the employee Herron before his death, it devolved upon them to show that they procured the furnishing of the same and incurred the liability therefor, or that they had succeeded to the rights of those who did furnish such services. No such predicate for recovery is shown by them in this case. Appellant's complaint of such recovery is there-

fore sustained. The judgment appealed from, in so far as it awards such recovery to appellees, and to that extent only, is here reversed, and judgment is here rendered that appellees take nothing therefor.

The judgment of the trial court, as so modified, is affirmed.