# VINCENTY WORWA v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

June 15, 1934.

No. 29,926.

*Ralph T. Boardman* and *John F. Dulebohn,* for relator.
*A. M. Gunn,* for respondent.

*I. M. OLSEN, Justice.*

Vincenty Worwa, an employe of the Minneapolis Street Railway Company, suffered injury in the course of his employment on

[1]Reported in 255 N. W. 250.

May 25, 1931. His employment was that of a laborer. The principal injuries consisted of burns on the legs and a dislocation of the left shoulder. He was taken to the hospital in care of the employer's physician, the dislocated shoulder was properly set, and his burns treated. He remained at the hospital for nine days and was then taken to his home and treated there and at the office of the employer's physician for some four additional weeks. On July 7, 1931, he returned to work and continued in his employment until discharged April 7, 1933. The employer voluntarily paid him compensation at the rate of $20 per week from the date of the accident up to July 5, 1931, and paid his hospital and doctor's bills. On June 9, 1933, Worwa, for the first time, made a claim for permanent partial disability of 25 per cent to his left arm and shoulder and 10 per cent to his right leg and filed claim petition with the industrial commission therefor. The referee hearing the claim found 15 per cent permanent disability to the left arm and 5 per cent permanent disability to the right leg, and awarded compensation of $600 for disability to the arm and $200 for disability to the leg. The employer appealed to the industrial commission. During the pendency of that appeal and before hearing thereof by the commission, the parties entered into a written settlement whereby it was agreed that upon payment of $600 the industrial commission might make findings of fact and award compensation of $600 in full settlement and satisfaction of all claims and disputes arising or to grow out of the accident and injury of May 25, 1931, to the employe; and the parties petitioned the commission to make such award. The industrial commission, by its order made December 19, 1933, refused to entertain the settlement petition and adopted and affirmed the findings and award as made by the referee. The case comes here on *certiorari* to review the findings of fact and conclusions of the referee and the order of the commission affirming same and refusing to give effect to the settlement between the parties.

The principal contention here is that the evidence does not sustain the finding of a 5 per cent permanent disability to the right leg. The employe's testimony as to that is, in substance, that at

times, sometimes once in a week, there is pain, a sort of a catch, in the knee, which for five minutes prevents him from walking, then it goes away; that it does not now hurt as much as it did before. The burns healed satisfactorily. He complained to the doctor of some trouble in going up and down stairs. Dr. Nelson, who examined the employe shortly before the hearing, testified:

"In the case of the leg, there were no objective findings upon which to base any estimate of permanent disability. If his history is true, I believe there is justification for making an estimate of 5 per cent of the leg, which is based entirely upon the subjective findings, however."

The doctor did not say that this 5 per cent disability, which was based entirely on subjective symptoms, was permanent. No doctor could very well say that, without any objective findings of any injury, the mere fact that a person complained of some pain justified a conclusion of permanent disability. Especially is that true where there is continued improvement.

In that situation the commission erred in giving no consideration to the settlement agreement. That was not before the referee when he made his findings. It was before the commission. By that agreement the employe, in effect, admitted and agreed that the only award he was entitled to was an award of $600, which covered the permanent disability to the shoulder. The agreement concededly was fairly entered into. The employe made no objection thereto before the commission and makes none here. Counsel for the employe, in his brief, says:

"Just why, or upon what theory, the industrial commission assumed authority to act as a sort of guardian over the parties to this controversy and reject this stipulation of settlement, we do not know. We can find nothing in the workmen's compensation act which prohibits or makes it impossible or unlawful for parties to a compensation proceeding settling their claims between themselves.

"No question of fraud, duress, ignorance, mistake of fact, or anything of the sort appears even by implication with reference to this stipulation."

This settlement is not such an agreement as is prohibited by 1 Mason Minn. St. 1927, § 4269. Neither is it an attempt to commute to a lump sum compensation payable periodically under § 4285. It is in the nature of evidentiary facts presented to the commission at the hearing, and amounts to an abandonment or withdrawal by the employe of his claim for compensation for any disability to the leg or knee.

We do not hold that the commission is without power to reject settlement agreements in cases pending before it, when objected to by either party or shown to be unfair or in conflict with any provisions of the compensation law. But here both parties were satisfied with the agreement and asked that it be approved. There was and is no objection and no claim of any injustice or unfairness. The evidence as to any permanent injury to the knee is so doubtful that the commission might well have found it insufficient. With the settlement agreement added to that evidence, the commission should have modified the referee's findings so as to exclude any award for permanent injury to the leg or knee.

Employe's counsel has done all that could be done to make the settlement effective. He has frankly stated his position in the brief here presented.

It is not now seriously claimed by counsel for the employer that the evidence does not sustain the award of $600 for permanent partial disability to the employe's shoulder.

Some claim is made that the proceeding was barred by the two-year limitation provision in § 4282 of the statutes. By the settlement agreement and submission of same to the commission for action thereon, any claim that the proceeding was so barred was waived.

The order of the industrial commission is modified, and it is ordered that judgment be entered herein that the employe, Vincenty Worwa, be awarded compensation for permanent injury to his left shoulder and arm in the sum of $600, and have judgment against the employer, Minneapolis Street Railway Company, for that amount, with interest thereon from December 19, 1933, at the rate of six per cent per annum; further, that he be allowed and

there be included in said judgment the sum of $75 attorney's fees in this court and his disbursements, to be taxed; no statutory costs to be allowed.

Order of industrial commission modified.