KENNETH DALE v. SHAW MOTOR COMPANY AND ANOTHER.[1]

October 13, 1939.

No. 32,133.

[1]Reported in 287 N. W. 787.

*George A. French,* for relator.

*Durham & Swanson,* for respondents.

*J. A. A. Burnquist,* Attorney General, and *Victor H. Gran,* Assistant Attorney General, for Industrial Commission.

HILTON, JUSTICE.

*Certiorari* to the industrial commission to review its refusal to approve a stipulation of settlement entered into between the employe and his wife, for herself and as guardian of their minor child, and the employer and its insurer.

Relator, Kenneth Dale, suffered a chest injury while engaged in and during the course of his employment. Nine months later a tubercular abscess developed on his chest at approximately the same place as the injury. Arrested tuberculosis of the lungs also became active. Dale contended that his condition and disability were caused by the chest injury. The employer and insurer denied there was any causal connection. However, an agreement was made between the parties mentioned whereby $2,000 was to be given to Dale and $1,500 to his wife and child in consideration for a full and complete release of all liability. Pursuant to 3 Mason Minn. St. 1938 Supp. § 4330-1, the agreement was submitted to the industrial commission for approval. This was denied by a divided commission, and the claim was ordered referred to a referee for findings. Relator was granted *certiorari.*

The question presented is whether the commission properly refused to approve the settlement agreement by which the possible, prospective total dependents gave a release of liability for death benefits granted by the act.

Clearly the commission has the power and duty to reject settlements when validly objected to by either party or shown to be unfair or in conflict with some provision of the compensation law. See Worwa v. Minneapolis St. Ry. Co. 192 Minn. 77, 80, 255 N. W.

250. Consequently, if the agreement comes within any of the grounds for rejection there was no error.

The right of dependents to compensation benefits for the death of the workman is a distinct and independent statutory right which arises at the time of the workman's death. Lewis v. Connolly Contracting Co. 196 Minn. 108, 264 N. W. 581. Until then, there is not a matured right of action but rather an inchoate right, contingent in nature and entirely dependent upon the employe's death. Unless prohibited by the compensation act, ordinarily it could be released. A majority of the commission, however, concluded that insurmountable barriers existed in the act to a settlement of the nature involved here. We think the conclusion is sound.

The purpose of the compensation act in providing that dependents shall be entitled to death benefits is to insure that financial support will be available when the employe dies and income from that source ceases. By this the dependents are kept from becoming public charges, at least for the time being. Manifestly the state, as well as the parties, has an interest to protect when such a settlement as that proposed here is advanced for approval. The purpose of the act in granting dependents compensation would be contravened and defeated in many instances if the employe's wife could release liability for the benefits which the law intends she shall have to support herself when the employe dies. There is no method of assuring that the money paid to the wife before the death of the employe will be available when death does in fact occur.

Additional considerations fortify the view taken here. 1 Mason Minn. St. 1927, § 4275(19), provides:

"The compensation payable in case of death to persons *wholly dependent* shall be subject to a maximum compensation of twenty ($20.00) dollars per week and a minimum of eight ($8.00) dollars per week; * * * *This compensation shall be paid during dependency,* but shall not exceed seventy-five hundred ($7,500.00) dollars in case of a dependent wife, child, children or orphan, and shall not exceed three hundred (300) weeks in case of any other

dependent, payments to be made at the intervals when the wage was payable as nearly as may be." (Italics supplied.)

By § 4275(1), a wife is conclusively presumed to be *wholly dependent* "unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death." Likewise, minor children under the age of 16 are conclusively presumed to be wholly dependent.

By the express terms of the statute, the law decrees and contemplates that the death benefits allowed by the act are to be received "during dependency." Nothing therein indicates that the enjoyment of the rights is to precede the employe's death. In fact, any such view violates the express provisions and policy of the act. The statute contemplates payment of the benefits to be as nearly like wages "as may be." By this method the money is more likely to be used as the legislature intended. That policy should be preserved. It should not be violated by allowing lump settlements by potential dependents in advance of the employe's death.

We do not consider the matter one in which the commission has discretion to approve or disapprove. It might be that it could in some measure achieve the purpose of the act by carefully scrutinizing every proposed settlement of a possible dependent's claim. But the legislature has not granted such power but rather has explicitly enacted that the compensation allowed upon the death of the employe is to be paid during "dependency." Clearly, "dependency" under the act does not exist until the employe's death. Until then there is no power in the commission or elsewhere to order payment of any benefits except to the injured employe. After his death the commission can more properly deal with proposed settlements of defendants' claims, for at that time their status and rights come into full force and operation.

Similar provisions to those in § 4275 are contained in § 4274, which provides that compensation to an employe "shall be paid during the period of such disability." However, in the case of the employe, disability is a condition precedent to the right to com-

pensation, and therefore payments by the very nature of things must be made after disability has been suffered. And a settlement then, with the approval of the commission, is not violative of the statute. But in the case of possible dependents, the contingency upon which the right to death benefits hinges is of a different character. Once there has been an injury to the employe, the contingent dependents have at least an inchoate claim for death benefits. This different nature of the inchoate right justifies a strict application of the law to preserve the policy enunciated by the act.

The commission acted correctly in refusing to approve the settlement agreement. The writ of *certiorari* is discharged and the order is affirmed.

Writ discharged and order affirmed.

HOLT, JUSTICE (concurring specially).

I concur in the result. As I read the decision of the commission it seems placed on the ground of lack of jurisdiction to pass on the merits of the stipulated settlement. Under 3 Mason Minn. St. 1938 Supp. § 4330-1, the commission is granted full power to approve a stipulated settlement of a compensation claim entered into in writing with the employer and his insurer by the employe or his dependent. As to the employe, although approved, such settlement is subject to reopening in accordance with 1 Mason Minn. St. 1927, § 4319. The dependents have no claim or cause of action to settle until the death of the employe proximately resulting from the accidental injury. His settlement, though approved of by the commission, does not affect the claim of his dependents. Lewis v. Connolly Contracting Co. 196 Minn. 108, 264 N. W. 581. The commission in their judgment and discretion could very well refuse to approve the stipulated settlement insofar as it included the employe's wife and child. If after the employe's death his representative should stipulate with the employer and insurer for the recovery of a sum certain, I entertain no doubt of the authority or power of the commission to approve such settlement, and a judgment entered thereon would be final, not subject

to be opened as in the case of an award to the employe. That the commission rightly refused to approve a settlement to which the wife and child were joined is apparent on reflection, for the present wife may not be the wife at the time of his death, nor may the present child be the only child. To me the provision of 1 Mason Minn. St. 1927, § 4275(19), that "payments to be made at the intervals when the wage was payable as nearly as may be," does not affect the authority or power of the commission to approve a lump sum settlement stipulated between the representative of the deceased employe and the employer and insurer.