## HUBBARD et al. v. TEXAS INDEMNITY INS. CO.

### No. 3890.

Court of Civil Appeals of Texas. El Paso.

Jan. 4, 1940.

Rehearing Denied Jan. 25, 1940.

Wm. V. Brown, of Texarkana, for plaintiff in error.

Joe W. Sheehy and Ramey, Calhoun & Marsh, all of Tyler, and Sidney C. Lee, of Texarkana, for defendant in error.

WALTHALL, Justice.

This is a compensation case under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.

The parties will be referred to as in the briefs. Plaintiffs in error will be referred to as plaintiffs and defendant in error as defendant.

The statements we make will have their foundation in the transcript. The statement we make is substantially the statement made by defendant, which we find to be a correct statement as reflected by the transcript.

During the month of November, 1933, and for some time prior thereto, W. F. Hubbard or Walter F. Hubbard, husband and father of plaintiffs herein, was in the employ of Southwestern Transportation Company at its shops in Texarkana, Bowie County, Texas.

On April 14, 1934, the said W. F. Hubbard, through his attorney, Hon. William V. Brown, and who is the attorney for plaintiffs herein, filed a claim against this defendant, the workmen's compensation insurance carrier for the Southwestern Transportation Company, with the Industrial Accident Board of the State of Texas for compensation benefits under the Workmen's Compensation Act, claiming and alleging that on or about the 16th day of November, 1933, while in the course of his employment with Southwestern Transportation Company, he received an accidental injury and as a result thereof was rendered totally and permanently disabled. Not being satisfied with the award of the Industrial Accident Board made subsequent to his filing of said claim, the said W. F. Hubbard, through his said attorney, filed

suit against this defendant in the District Court of Bowie County, Texas, seeking to set aside the award of the Board theretofore made and seeking to recover from this defendant workman's compensation benefits for total and permanent disability which he claimed was the result of an alleged injury he received on or about November 16, 1933, which in the course of his employment with Southwestern Transportation Company, the said suit being styled "W. F. Hubbard v. Texas Indemnity Insurance Company," and numbered 19824 on the docket of said court.

Subsequent to the filing of said suit, to-wit, on October 16, 1934, the said W. F. Hubbard and his said attorney, on the one hand, and this defendant, on the other hand, entered into a compromise settlement agreement as provided for by the Workmen's Compensation Act of Texas, agreeing to compromise and settle all matters in controversy between them for the sum of twelve hundred and fifty dollars and costs of court. In said compromise settlement agreement it was specifically agreed by the parties that the facts and circumstances connected with and surrounding the infliction of the alleged injury W. F. Hubbard claimed to have received on or about November 16, 1933, made the liability of Texas Indemnity Insurance Company uncertain, indefinite and incapable of being satisfactorily established, and that the nature, extent and duration of said alleged injuries were uncertain, indefinite and incapable of being satisfactorily established. It was further agreed that said compromise settlement agreement was made subject to the approval of the District Court of Bowie County, Texas, and that judgment should be entered in accordance with said agreement.

On the said 16th day of October, 1934, a judgment was entered in said District Court of Bowie County, Texas, in said cause No. 19824, approving said compromise settlement agreement, and, in accordance with the terms of said compromise settlement agreement, the sum of twelve hundred and fifty dollars was adjudged in favor of the said W. F. Hubbard and his attorney against the defendant.

The said W. F. Hubbard, or Walter F. Hubbard, as he is referred to in the pleadings of plaintiffs herein, died on May 13, 1937.

Subsequent to the death of the said Walter F. Hubbard, to-wit, on or about January 15, 1937, the surviving wife and children of the said Walter F. Hubbard, the plaintiffs herein, filed a claim against this defendant with the Industrial Accident Board of the State of Texas seeking to recover workmen's compensation benefits under the Workmen's Compensation Law because of the death of the said Walter F. Hubbard, alleging that the death of the said Walter F. Hubbard resulted from the alleged injuries he received on or about November 16, 1933, while in the course of his employment with Southwestern Transportation Company.

The Board having entered an award denying plaintiffs' claim as statutory beneficiaries of Walter F. Hubbard, plaintiffs, through their attorney, Hon. William V. Brown, timely instituted this suit (the case at bar) in the District Court of Bowie County, Texas, seeking to recover of and from this defendant death benefits under the Workmen's Compensation Act because of the death of the said Walter F. Hubbard less the sum of twelve hundred and fifty dollars heretofore paid the said Walter F. Hubbard and his attorney of record in the compromise settlement above referred to.

On December 1, 1937, plaintiffs filed their first amended original petition and, since it is the action that the trial court took in reference to that pleading that plaintiffs are complaining of on this appeal, we will hereafter refer to it rather than to the original petition.

Briefly, among other things, plaintiffs in said first amended original petition set out the judgment entered in said cause No. 19824, being the judgment entered on the 16th day of October, 1934, approving the compromise settlement agreement entered into by Walter F. Hubbard and his attorney, on the one hand, and the defendant herein, on the other hand, and being the same judgment hereinabove mentioned, and pleaded said judgment as res adjudicata of all issues raised by the plaintiffs in said cause No. 19824, and particularly pleaded said judgment as res adjudicata of the question as to the said Walter F. Hubbard having received an injury while in the course of his employment with Southwestern Transportation Company on or about the 16th day of November, 1933.

On December 17, 1937, defendant filed its first amended original answer, in answer to plaintiffs' said first amended original petition, wherein it made certain special exceptions to various parts of plaintiffs'

said petition. Among the special exceptions made, defendant specially excepted to that part of plaintiffs' said petition wherein they sought to plead the said judgment in cause No. 19824, above referred to, as res adjudicata of all questions raised by the pleadings in said cause No. 19824, and particularly as to the question of the said Walter F. Hubbard having sustained an injury in the course of his employment with Southwestern Transportation Company on or about November 16, 1933.

The court, on the 25th day of April, 1938, after hearing said special exceptions of defendant to plaintiffs' said petition, entered an order sustaining same and gave plaintiffs leave to amend.

The plaintiffs, on June 1, 1938, filed their second amended original petition, wherein they omitted the allegations as contained in their said first amended original petition relative to the judgment in said cause No. 19824 being res adjudicata as to any issue raised in this suit, and it was on this petition that plaintiffs went to trial.

The trial was had before a jury, and on August 30, 1938, the jury returned their verdict, in the form of answers to special issues, into court, and said verdict was by the court accepted and ordered filed.

The jury, in answer to the special issues submitted them, found: In answer to special issue No. 1, that Walter F. Hubbard did not receive an injury in the course of his employment with Southwestern Transportation Company on November 16, 1933; in answer to special issue No. 2, that the injury, if any, received by Walter F. Hubbard on November 16, 1933, was not the producing cause of the death of Walter F. Hubbard; in answer to special issue No. 3, that the death of Walter F. Hubbard on May 13, 1937, was caused solely by disease; in answer to special issue No. 4, that the death of Walter F. Hubbard on May 13, 1937, was caused solely by other causes than the injury; in answer to special issue No. 7, that a manifest hardship and injustice would not be worked on plaintiffs if their compensation was not paid in a lump sum; and, in answer to special issue No. 8, that the average weekly wage of Walter F. Hubbard was $25.47½.

The trial court rendered judgment for defendant on the verdict of the jury, from which this appeal is prosecuted by writ of error.

## Opinion.

■ Plaintiffs filed a number of assignments of error and as germane thereto present the proposition to the effect that plaintiffs' cause of action being based upon facts and matters which had been adjudicated in a former suit by W. F. Hubbard, plaintiffs' husband and father, against the same defendant upon the same facts, and that plaintiffs necessarily had to give defendant credit on the judgment for the amount of money recovered and received in the former suit by plaintiffs' husband and father, plaintiffs were privy to such former suit, though not parties thereto, the trial court erred in sustaining defendant's special exceptions to plaintiffs' first amended original petition setting up such plea as res adjudicata. Plaintiffs make contention in their brief that the former judgment in the suit of W. F. Hubbard v. Texas Indemnity Insurance Company settled all questions involved in the present suit except as to whether the death of W. F. Hubbard was the result of such injuries; that is, whether the injuries pleaded caused his death. Plaintiffs further contend that "they are privies to such former judgment," that their cause of action accrued subsequent to the former suit and was based upon the same injuries received by W. F. Hubbard. Plaintiffs' one proposition, it seems to us, does not fully and clearly present the grounds of error contended for in their brief, and for that reason we have considered the errors as set out in their assignments of error. In their assignments plaintiffs complain of the action of the court in sustaining certain special exceptions to their first amended petition.

The court permitted plaintiffs to amend and they did amend and filed their second amended original petition upon which plaintiffs went to trial. So far as we can see, the second amended original petition contained the same facts contained in the first amended petition to which the special exceptions were directed and sustained by the court. The trial court qualified the bills of exception complaining of the action of the court in sustaining the special exceptions, and said that no such exception of defendant to the second amended petition was sustained, and that plaintiffs went to trial with all of the allegations contained in the second amended petition.

■ Any error the trial court might have committed in sustaining the special

exceptions to matters contained in the first amended petition was cured and rendered harmless when plaintiffs amended and went to trial on the amendment, and especially would that be true when the matters excluded in the first amendment were embraced in the second amendment on which the trial was had.

▮▮▮ The judgment rendered in the former suit of W. F. Hubbard against defendant in that suit, being the same defendant in the present suit, is not res adjudicata of any issue raised in the present suit. That conclusion arises, we think, by reason of the compensation law by which it is provided, in effect, that if death should result from the injuries a cause of action arises to the legal beneficiaries of the deceased and for their benefit; the cause of action arises not because of a privity of interest they might have with the deceased, as suggested by plaintiffs, but because of the provision of the Compensation Law and the interest is limited and controlled by the Compensation Law, which we need not further discuss. The plaintiffs in the present suit are suing as beneficiaries of the deceased in the former suit, and are in no way bound by the judgment in the former suit, and the burden of the plaintiffs in the present suit is to show that the death of the deceased resulted from the injuries received by him on November 16, 1933, as alleged.

▮▮▮ In plaintiffs' first amended original petition plaintiffs pleaded said compromise judgment in the former case as an adjudication of the issue of fact that Hubbard sustained said injuries when and as expressed in the judgment. The trial court sustained a special exception to that portion of the petition pleading said judgment as an adjudication of and as a conclusion or finding of fact that the deceased Hubbard sustained the injuries complained of in the present suit. To that ruling plaintiffs excepted, and by permission of the trial court filed their second amended original petition, and omitted therefrom the pleading as to said compromise judgment. The trial was had on the second amended petition and not on the first amended petition.

It is of the essence of an amendment that it completely supersedes the pleading intended to be amended. 33 Tex.Jur. page 513, par. 83, and cases referred to under note 13. We think the error, if any, in sustaining the special exception is not before us. However, appellants having briefed the point presented we will consider it.

Briefly stated, in the former suit of Hubbard against the Texas Indemnity Insurance Company, plaintiff alleged that at the time stated he was an employee in the mechanical department of the Southwestern Transportation Company in Bowie County, and on November 16, 1933, while he was working on the motor of one of the Company's busses or trucks as directed by his employer, and in doing said work he was injured as therein stated at much length and thereby was totally and permanently incapacitated, and stated other matters not necessary to state here, such as notice of his injuries, his weekly wages, the action of the Industrial Accident Board, etc.

To that suit the Texas Indemnity Insurance Company answered, the case went to trial, and a judgment was rendered.

The judgment recites in substance: That Hubbard, plaintiff, and Texas Indemnity Insurance Company, defendant, agreed upon a compromise settlement of said cause of action; to-wit, the judgment recites that the parties in open court announced ready for trial; that "It appearing to the court that all matters in controversy having been compromised and settled by an agreement in writing, which is now on file among the papers in this cause; and it further appearing that said agreement is in all things fair, just and equitable to the parties herein, and it appearing that plaintiff voluntarily signed the same, fully understanding the legal consequences thereof, the court is of the opinion that said agreement ought to be approved, and judgment entered in said cause in accordance therewith."

Without further copying the judgment, the court withdrew the case from the jury docket and the case was submitted to the court; the court rendered judgment in accordance with the agreement, awarded to plaintiff the sum agreed upon, apportioned the amount between plaintiff and his attorney as agreed, discharged the defendant insurance carrier on payment of the award on account of the injuries sustained by Hubbard, annulled and set aside the award of the Board.

In pleading the above judgment it is the contention of the plaintiffs in this case that they are privies to such former judgment, in that their rights accrued subsequent to

the trial of the former suit and is based upon the same injuries received by Hubbard; that under the law, plaintiffs being required to give to the defendant insurance carrier credit for the money judgment awarded and paid to Hubbard, that plaintiffs are entitled to the benefit of all facts necessary to establish Hubbard's action in the former suit and decided therein; one of the facts therein being that Hubbard received the injuries therein complained of and of which injuries plaintiffs allege Hubbard died.

It is evident that the compromise agreement was made under and in compliance with Section 12 of Article 8307 of the Revised Civil Statutes providing that: "Where the liability of the association or the extent of the injury * * * is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties," and necessarily made subject to the action of the Board.

The answer of the insurance carrier is not before us, but we may well assume that the defendant insurance carrier claimed there was no liability, basing its claim upon its contention as to the injuries alleged, that the injuries, if any, were not the result of an accidental happening while Hubbard was working for his employer; in other words, the receipt of the injuries was involved in the controversy and was settled by the compromise agreement, and no evidence was offered to the effect that the employee had received the injuries under circumstances creating liability.

There is no identity of causes of action; there is no identity of parties; plaintiffs herein are not privies of Hubbard in the former suit in that plaintiffs did not derive their rights, if any, herein under or through W. F. Hubbard, but acquired such rights, if any, because of being the statutory beneficiaries of Hubbard under the Workmen's Compensation Act.

There is no identity of the matter sued for. Plaintiffs' suit is to recover death benefits under the Compensation Act; Hubbard's suit was to recover workman's compensation because of disability, a right personal to him.

We might say there was no mutuality in the binding effect of said judgment insofar as plaintiffs and defendant are concerned.

 Under Section 12 of Article 8307 of the statute, the Board may approve any compromise settlement where the extent of the injury of the employee is uncertain, indefinite or incapable of being satisfactorily established, and such seems to be the case here made so by the agreement.

We have found no reversible error and the case is affirmed.