## STRONG et al. v. ÆTNA CASUALTY & SURETY CO.

### Civ. No. 832.

District Court, N. D. Texas, Dallas Division.

Dec. 17, 1943.

Wright K. Smith, of Dallas, Tex., for the motion.

R. T. Bailey, of Dallas, Tex., opposed.

ATWELL, District Judge.

B. H. Strong was an employee of the Guardian Life Insurance Company of Texas, which company operated under the Texas Workmen's Compensation Laws, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., with the defendant writing its insurance. Strong claimed that he was injured in 1940 while in the regular course of his employment, and sought total and permanent disability benefits. It appears that the injury was a blister on his toe, which ultimately resulted in the disease of malignant melanoma, which caused his death.

During his life he sought compensation which was denied by the Board, and by the state trial court, which finding was affirmed by the Court of Civil Appeals, and the State Supreme Court refused writ of error.

Strong died. After his death this suit was brought by his surviving widow and minor children.

The facts are agreed.

The defendant, in its third defense, pleads res judicata and estoppel by reason of the mentioned proceedings.

The plaintiffs move to strike such pleas, arguing that there is no privity between themselves and deceased Strong which supports either plea.

Upon the face of the controversy it would appear that a competent court, vested with the right to determine whether Strong had been injured in such a way as to entitle him to compensation rights, having spoken, its voice must be determinative of that issue. The fact seems to be, however, that the present plaintiffs are not bounden by what was determined by Strong's controversy. Neither of them was a party thereto. Neither derives her nor his rights by assignment, or, transfer, or, inheritance. The rights of Strong were statutory. The rights of these plaintiffs are statutory and separate from those of Strong. Strong had

the right to compensation during his life. They are vested with statutory rights if his death was caused by a compensable injury.

 Res judicata and estoppel apply only against parties in the suit, or, those who are in privity with them. Privity is the mutual, or, succeeding relationship to the same right of property.

In Maryland Casualty Company v. McCrary, D. C., 29 F.Supp. 950, this court recognized the two rights under the Texas statute. Rev.Stat.Tex.1925, Art. 8306 et seq.

To the same effect, is Swain et ux. v. Standard, 130 Tex. 277, 109 S.W.2d 150; Texas Employment Insurance Ass'n v. Herron, Tex.Civ.App., 29 S.W.2d 524; Floyd v. Fidelity Union Casualty Co., Tex. Civ.App., 13 S.W.2d 909; Ætna Life Ins. Co. v. Otis Elevator Co., Tex.Civ.App., 204 S.W. 376; Hart v. Gulf Casualty Co., Tex. Civ.App., 170 S.W.2d 491; Hubbard v. Texas Indemnity Ins. Co., Tex.Civ.App., 136 S.W.2d 627; Texas Employers v. Morgan, Tex.Civ.App., 289 S.W. 75; Maryland Casualty v. Stevens, Tex.Civ.App., 55 S.W.2d 149. These cases determine the applicability and force of the Texas statute. However, similar holdings will be found in International Mercantile Marine Co. v. Lowe, D. C., 19 F.Supp. 907, affirmed, 2 Cir., 93 F.2d 663, 115 A.L.R. 896; Dale v. Shaw Motor Co., 206 Minn. 99, 287 N.W. 787; Shafer Bros. v. Department of Labor, 4 Wash.2d 720, 104 P.2d 747; Halling v. Industrial Com. of Utah, 71 Utah 112, 263 P. 78; Taggart v. Industrial Commission, 79 Utah 598, 12 P.2d 356; Smith v. Kiel, Mo.App., 115 S.W.2d 38; Lewis v. Connolly, 196 Minn. 108, 264 N.W. 581; Laird v. State Highway Department, 112 Vt. 67, 20 A.2d 555; Magma Copper Co. v. Naglich, Ariz., 131 P.2d 357.

 There being no Texas case on the direct point of the right of the surviving wife or children to sue when the husband and father has been cast in a trial where he claimed compensation rights, we must look to the general rules which result from a final judgment and which control parties and their privies, but do not bind others. That the wife and children would have benefited had Strong succeeded, does not deprive them of the right to try. The defendant won only when Strong was the adversary. The present plaintiffs have had no day in court. They do not enter now as his beneficiary, or, assignee, but in their own right. They have not before sued. True it is that the defendant ought not to suffer suit twice for the same cause of action, but the parties are different and the causes are different. One was for injuries, the other is for death.

The motion to strike the third defense insofar as it invokes the doctrines of res judicata and estoppel, is sustained.