No. 23,793.

MARY E. HOPPER, *Appellant,* v. WILSON & COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Settlement With Injured Employee—Claim by Widow—Limitation of Action.* Where an employer makes settlement with an injured employee, obtaining a release of all claims on his part under the workmen's compensation act, and some months later the employee dies, an action by his widow under that law cannot be maintained unless a claim upon the employer has been made in her behalf within six months after her husband's death.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed June 10, 1922. Affirmed.

*C. A. Bowman,* of Kansas City, for the appellant.
*O. L. Miller,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The widow of J. N. Hopper brought this action under the workmen's compensation act alleging that his death was due to injuries received while in the employ of the defendant. A demurrer to her evidence was sustained and she appeals. One ground upon which liability is denied is that no claim for compensation was made within six months after the death of the plaintiff's husband.

Hopper was injured April 18, 1918. He executed a statutory release in consideration of the payment of $25 May 7, 1918. He died September 28, 1918, the certificate of death stating—"The cause of death was as follows: Pneumonia (Lobar). Contributory valvular heart disease." The plaintiff made a demand for arbitration August 15, 1919, this being the first notice given to the defendant of a claim that her husband's death was due to the injury referred to. The statute provides:

"Proceedings for the recovery of compensation under this act shall not be maintainable unless written notice of the accident, stating the time, place and particulars thereof, and the name and address of the person injured, has been given within ten days after the accident, and unless a claim for compensation has been made within three months after the accident or in case of death, within six months from the date thereof. Such notice shall be delivered by registered mail, or by delivery to the employer. The want of, or any defect in such notice, or in its service, shall not be a bar unless the employer proves that he has, in fact, been thereby prejudiced, or if such want or defect was occasioned by mistake, physical or mental incapacity or other reasonable cause, and the failure to make a claim within the period above specified shall be a bar: *Provided, however,* That in case of incapacity of an injured employee the limitation herein shall not run during such incapacity." (Gen. Stat. 1915, § 5916.)

Whatever may be the rule under other circumstances we think in the situation here presented the statute is to be interpreted as requiring the making of a claim by the plaintiff after her husband's death and within six months of its occurrence. Such a requirement is in keeping with the spirit and policy of the law because the defendant, having settled with her husband during his lifetime, had no reason to anticipate the making of a further demand, and the assertion of one after the lapse of six months (in this instance over ten months) might well find it disabled from obtaining the information and preserving the evidence necesary for a defense. It does not appear that any claim for compensation was made upon the defendant by the injured employee, but the settlement made with him would render that fact immaterial as between them. But this settlement having been effected the defendant was justified in assuming in the absence of any notice to the contrary that the whole affair was ended and in treating it as a closed incident. While the plaintiff pleaded that the release was entered into under a mutual mistake of fact as to the nature and extent of the employee's injuries, and that the consideration therefor was so grossly inadequate as to amount to a fraud, these contentions were abandoned on the

trial. Even if the defendant had known of the death there was no reason to connect it with the accident, especially in view of the cause assigned in the certificate. Whatever considerations make it desirable that a claim for compensation shall be made upon the employer within six months after the death of the employee in any case apply fully here.

Under our compensation act the statute of limitations begins to run against the claim of the dependents as well as that of the injured employee from the time of the accident, but we do not regard this fact as throwing any light on the interpretation of the language under consideration. The fixing of the period of limitation rests of course wholly with the legislature and the policy of requiring a compensation action by dependents, to be brought within a fixed time from the accident, does not necessarily rest upon the theory of the identity of their demand with that of the employee.

In British Columbia the making of a claim under the compensation act after the death of the injured employee has been held unnecessary where one had previously been made in behalf of the injured workman. (*Moffatt v. Crow's Nest Coal Co.*, 12 D. L. R. 642, 643.) The statute there involved differed from our own in not containing the specific provision that "the failure to make a claim within the period above specified shall be a bar." The plaintiff suggests that such a provision is to be implied from the fact that the failure to give notice of the accident (as distinguished from making a claim for compensation) was made a bar only in case prejudice to the employer resulted therefrom. Such a distinction does not appear to have been the ground of the decision, which is based upon a purpose to carry out the intention of the act by a liberal construction thereof. The claim is treated much as a notice and is so spoken of in the opinions, while the headnotes refer only to a "notice of injury." There the claim for compensation was made one week after the accident, and death ensued two weeks later, before any further proceedings had been taken, and while the claim was still pending. Quite obviously the claim then made may have been sufficient to protect the employer from a stale demand—to warn him that a claim was about to be made and thus put him on his guard. But such is far from the case here. The steps that had been taken—the settlement and release—so far from warning the employer of the prospect of a further demand, tended to lull him into security in the belief that the whole affair had been finally disposed of.

In Michigan a new claim in behalf of the dependents is required where the employee's injuries result in his death pending the allowance of his own demand. (*Curtis v. Slater Construction Co.,* 202 Mich. 673.) The statute there involved has some features which were given weight in reaching this conclusion and which are not found in our law; for instance, the dependents are expressly declared not to be parties in interest to a proceeding by the employee for the enforcement of his demand, and the claim of the dependents is required to be signed by them or by some one in their behalf. We regard the decision, however, in its general aspect as tending to support the view we have taken.

The defendant also urges that there was not sufficient evidence that the employee's death was due to the accident, and that the release barred the plaintiff's claim as well as that of her husband. In view of the conclusion already announced it will not be necessary to consider these matters.

The judgment is affirmed.