## Brashear v. Old Straight Creek Coal Corporation.

(Decided November 18, 1930.)

JAMES S. GOLDEN for appellant.

A. G. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant filed her petition in the Bell circuit court asking for a review of the action, or failure to act, of the Workmen's Compensation Board on a claim by her for compensation growing out of the death of her husband. She was the unmarried widow of Harve Brashear who was injured while working for appellee, coal corporation, on the 15th day of October, 1928. She was living with her husband at the time of his death. After the injury of her husband compensation was paid for some weeks and he finally signed a receipt showing final payment. She alleged in her petition for a review that after the final settlement and agreement the condition of her husband grew worse, and that he actually died as the result of the injuries which he had received in the course of his employment. She alleged that she filed a motion to review and reopen the case with the Workmen's Compensation Board, setting forth the death of her husband and supporting her motion by an affidavit of a doctor to the effect that his death was the result of the injuries which he received for which he was paid compensation. The board, so it is alleged, denied her motion to reopen the case and refused to grant her any hearing.

With the petition for a review there is filed a copy of the application for adjustment of claim made by the appellant in which she makes claim as the widow of Harve Brashear and as his dependent. She prayed that the appellee, coal corporation, be required to answer, and that a time and place be fixed for hearing. Following this application of appellant in the record is an affidavit of Dr. P. L. Fuson in which statements are made tending to show that the death of Harve Brashear was not the result of the injuries which he received. How this affidavit was placed in the record does not appear. Immediately following the affidavit is what purports to be an order overruling the motion to reopen the case. Following this is a motion by appellant to reopen the case, and

that motion is supported by the affidavit of a doctor which states that the death of Harve Brashear resulted from the injury received while he was engaged in performing his duties for the appellee, coal corporation. The record does not make it clear whether any action was taken at all upon the application of appellant for an adjustment of her claim. There is nothing to show that it was considered by the Workmen's Compensation Board. The order which the board entered apparently relates to the motion to reopen the case. It is apparent from this record that the claim of appellant has not been considered by the Workmen's Compensation Board. It may be that she has no claim, but that does not mean that she is not entitled to a hearing. The injury to Harve Brashear was received in the course of his employment, and there is no dispute about his being entitled to compensation. It may be that he fully recovered and that his widow is not entitled to any award, but, as we understand this imperfect record, she makes the claim that the death of her husband was caused by the injury which he received. If he acknowledged a final settlement, that would not prevent an award to the widow, if, in truth and in fact, the death was brought about as the direct result of his injuries so received.

Under the authority of the case of Johnson et al. v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169, the widow was within her rights in filing her original application for compensation and the board should have granted her a hearing and allowed her to produce her proof. Her motion to reopen the case should properly be treated as a motion to reopen so far as the application which she had filed was concerned. The compensation due her, if any, is quite a different thing from the compensation paid to her husband.

Under the authority cited the court has reached the conclusion that the judgment of the lower court should be reversed, and that the whole matter should be referred to the Workmen's Compensation Board, with directions that it grant her a hearing and allow her to present her proof which shall be considered by the board with the proof offered by the appellee, coal company, and that the rights of the parties should be determined by the board.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.