## SARAH E. LEWIS v. CONNOLLY CONTRACTING COMPANY AND ANOTHER.[1]

January 10, 1936.

No. 30,589.

[1]Reported in 264 N. W. 581.

*A. J. Rockne,* for relators.

*Ernest F. Jacobson,* for respondent.

I. M. OLSEN, JUSTICE.

Thomas E. Lewis, an employe of Connolly Contracting Company suffered personal injury arising out of and in the course of his employment, on April 26, 1929. The insurer commenced to pay compensation on the basis of total disability, and so paid such compensation up to September 30, 1929. In the meantime the injured employe had filed a petition with the industrial commission for determination by that commission of the compensation to be paid to him on account of the disability sustained. A settlement was then made between the employe and the contracting company and its insurer, whereby the insurer agreed to pay $1,800, in addition to $406.56 already paid, in full settlement of the employe's claim, and the employe agreed to receive such sum in full settlement. The settlement stipulation was submitted to the industrial commission for approval and was duly approved by the commission on November 14, 1929, and the insurer paid the $1,800. Thereafter, and after the time had expired which would be compensated by the settlement at the rate to which the employe was entitled to receive compensation, the employe made three different efforts and petitions to the industrial commission to have the settlement set aside and for further compensation, each of which was denied. The employe died on July 29, 1933. Thereafter, in May, 1934, the petitioner herein,

the widow and sole dependent of the deceased employe, petitioned the industrial commission for an award of compensation to her for the death of her husband under the provisions of the workmen's compensation law. She presented the claim that his death was caused by the injury suffered by him on April 26, 1929. The insurer and the employer, by answer, set up the settlement with the deceased employe as a bar to compensation for his death, and the petitioner objected and demurred to that part of the answer. The demurrer was sustained by the referee to whom the matter had been referred, and that ruling was sustained by the industrial commission by its order of March 15, 1935. The proceeding was thereupon brought to this court by *certiorari.*

The sole question here for review is whether the settlement with the injured employe for compensation for his disability, approved by the industrial commission, is a bar to the proceeding by the sole dependent to be granted compensation for the employe's death.

The question so presented requires some consideration of part II of our workmen's compensation statute, which is found in 1 Mason Minn. St. 1927, §§ 4268 to 4337-5. Only a few of these sections need here be considered.

Section 4274, subsec. (f), reads as follows:

"In case a workman sustains an injury due to accident arising out of and in the course of his employment, and during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of the death."

There is the further provision that if any accrued compensation was due the deceased prior to death but not paid same shall be payable to the dependent person or legal heirs of the deceased.

Section 4275 prescribes who are the dependents and provides:

"For the purpose of this act, the following described persons shall be conclusively presumed to be wholly dependent: (a) wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death. (b) Minor children under the age of sixteen years."

There are further provisions in this section about other dependents who are not conclusively presumed to be such.

Subsection (5) provides:

"In death cases, compensation payable to dependents shall be computed on the following basis, and shall be paid to the persons entitled thereto, or to a guardian or such other person as the Industrial Commission may direct, for the use and benefit of the person entitled thereto."

Subsection (6) reads as follows:

"If the deceased employe leave a widow and no dependent child, there shall be paid to the widow forty per centum of the daily wage at the time of the injury of the deceased."

As already noted, the widow in this case was the sole dependent, and her compensation is provided by this subsection, subject to the deduction of the amount of payments made to the injured employe prior to his death.

The limitation statute throws some light on the question involved. It is found in § 4282, wherein the time limited for making application to the industrial commission for compensation is fixed as follows: In proceedings by the injured employe the time for making application for compensation is limited to two years after the employer has made a written report of the injury to the industrial commission, but not to exceed six years from the date of the accident; in proceedings by dependents to determine and recover compensation for death, the limitation is two years after receipt by the industrial commission of notice in writing of death, given by the employer, but not to exceed six years from the date of the accident, indicating that here are two distinct rights or causes for compensation. There is also a provision that a dependent may give such notice to the industrial commission. There is no claim in the present case that timely notice was not given.

The workmen's compensation act, part II, has been before this court in numerous cases. Without citing the decisions, it is well settled that compensation under the act is not founded on negligence. If the injury is caused by accident arising out of and in

the course of the employment of the servant, no question of negligence arises unless it be claimed that the injury was caused by wilful negligence of the employe. Compensation follows as a matter of course both as to injuries for which the injured employe is entitled to compensation and as to compensation for death to which the dependent or dependents are entitled, whether the employer was negligent or free from negligence. The employer and insurer are liable not on the ground of wrongful death or negligence, but in the nature of contract liability by coming within and being subject to the provisions of the compensation law. When the employer and employe consent to come under part II of the compensation act, there arises a statutory contract relation between them. The statute becomes a part of the employment contract. The employer is thereby relieved from liability for damages to the employe in an ordinary negligence case wherein he might otherwise be liable for damages to a much greater extent than under the compensation law. His liability in death cases, under the compensation act, in given situations, as where the dependent dies or marries, may also be substantially less than in actions for wrongful death. The employe is given a simpler and less expensive remedy, and a remedy not based on negligence of the employer. In case of death of the employe, his dependents are given a new, independent remedy, not depending on negligence or tort of the employer.

The statute is quite clear as to the right of the dependent in this case to receive compensation for the death of her husband if the facts stated in the petition are found established. By the provision that there shall be deducted from such compensation any amount paid to the employe before his death, the statute quite clearly recognizes that compensation may be made to the employe during his lifetime, but that nevertheless, if such compensation does not equal the limit provided for such compensation to the dependent for death, which cannot exceed $7,500 by the law, there shall be paid to the dependent the compensation provided in the law.

It may be urged that the fact that the industrial commission approved this settlement should be given effect as against this dependent. When the matter of a settlement was before the indus-

trial commission there was nothing before it except the question of compensation to the injured employe for his disability caused by the accident. There is not even a suggestion in the settlement stipulation or in the order of the commission approving the settlement that there was any thought or any intention to make the settlement cover a death loss. It may be claimed that the industrial commission, in approving the settlement, must have decided that disability would necessarily cease on or before the end of the period for which the $1,800 would pay. Nothing of that kind is said or indicated in the settlement petition or order approving the settlement. So to hold would require the industrial commission to forecast future developments of disability, which we do not believe the commission claims or intended. In any event, the petitions filed by the workman in his lifetime clearly state as a fact that disability did not so cease, and the petition of the widow states that the disability continued to the time of the husband's death, so at most a question of fact is presented on that issue. To hold that the industrial commission, on the application of the insurer, the employer, and the injured workman to approve a settlement between them to which the dependent widow was not a party, of which she had no notice, and at a time when she had in no manner appeared before the commission, could deprive her of all right to compensation for the subsequent death of her husband, would be a startling disregard of the law that a stranger to a suit or proceeding cannot be deprived of his property or rights without notice and opportunity to be heard. It would further invest the commission with jurisdiction over a subject matter and parties not before it at the time the settlement was made. The action of the industrial commission in refusing to hold the settlement a bar to the application of the widow sufficiently indicates that it claims no such power or jurisdiction.

That the settlement did not and could not cover the compensation to the dependent for the death of the employe is further clearly shown by the amount of the settlement. The total compensation for death is $7,500. There had been paid $400 up to the time of the settlement. This left $7,100 unpaid if it were to become a death compensation claim. The rate of compensation to the widow as

sole dependent would be $11.08 per week, which would extend the payments over a period of approximately 12½ years. A simple computation shows that discounting the payments so as to find their cash value at the time the settlement was made results in a net value of approximately $4,400 instead of $1,800. Such a settlement could not be approved by the industrial commission under § 4285, governing lump sum settlements. That section permits such settlements only when the lump sum payment equals the present value of all future instalments of compensation calculated on a six per cent basis.

The distinctions between a proceeding under the workmen's compensation law by the dependent or dependents to recover compensation for death of an employe and an action for wrongful death under § 9657 of the statute are quite clear. In a wrongful death case there must be tort or negligence on the part of the employer. Under that law the measure of damages is the monetary loss to the heir or heirs of the decedent. The action can be brought only by the administrator or executor of the decedent's estate. Under the workmen's compensation law the compensation is based on the wage of the decedent at the time of his death, and a definite proportion of such wage is awarded, depending on the degree of dependency and the relationship of the dependents to the deceased employe. The compensation law also permits compensation under certain circumstances to persons who could not recover in an action for wrongful death. § 4275(15). Again, the compensation law provides that in case of death or marriage of certain dependents compensation will cease. And in case of remarriage of the widow without dependent child, she receives a lump sum settlement of one-half of the remaining unpaid compensation. In case of compensation to other than wife, child, children, or orphan, the compensation cannot extend beyond 300 weeks. It follows that under the compensation law the award of compensation for death, being based on the dependent's weekly wage at the time of his death and payable at the intervals when the wage was payable, is not a definite total amount as in a wrongful death case, but the final amount to

be paid depends upon future contingencies. The total compensation may be much less than $7,500; it cannot be more.

Attention is called to these differences for the purpose of showing that the compensation to dependents for death of the workman is a different, distinct, and independent statutory right and cause of action given to the dependents, arising at the time of the workman's death, not governed by the rules of law applicable to actions for wrongful death and not barred by any settlement made with the deceased workman during his lifetime.

In England, under the two Lord Campbell's acts, in our federal courts, and in the courts of some 20 states, which have in most instances followed the decisions under the Lord Campbell's acts, it has been held that in an action to recover for wrongful death under the governing statutes a settlement made by the injured person before his death, or a judgment obtained by him against a wrongdoer for his damages caused by the wrong inflicted, is a bar to an action by or on behalf of dependents to recover for the subsequent death. There are cases in several state courts declining to follow the majority rule as to the effect of such settlements, even in actions for wrongful death. The majority rule is based on the fact that the action is one in tort, and, there being but one wrong, a settlement by the injured person is final.

When it comes to applying the majority rule as to the effect of a settlement in a case of wrongful death to proceedings or actions under workmen's compensation laws or employers' liability statutes, the weight of authority is decidedly the other way. The Lord Campbell's acts were the earliest statutes in England creating a cause of action for wrongful death. Some considerable time later workmen's compensation laws were enacted by Parliament, providing for compensation to injured workmen, or, in case of their death from injuries received in their employment, then for compensation to dependents of such deceased workmen. The question then came before the English courts as to whether, under the workmen's compensation law, the dependents of a workman had a separate right to compensation which the workman could not deprive them of by his acts or settlement during his lifetime. The first case is that

of Williams v. Vauxhall Colliery Co. [1907] 2 K. B. 433, 97 L. T. Rep. 559. In that case the workman had not made a formal settlement or given any release. But the court said [97 L. T. Rep. 560]:

"That alone [referring to another ground for reversal of the county court] is sufficient to dispose of the case; but as the other point has been argued, I wish to express my opinion that under this Act a workman's dependents have a separate and independent right in the event of his death in such circumstances, a right which the workman cannot abandon or deprive them of except in this sense— that the Act contemplates that the employer is not from first to last to be bound to pay more than the maximum compensation given by the Act, and he is entitled to take credit for any sums advanced by way of weekly payments."

This is in harmony with our workmen's compensation law.

The question came again before the court of appeal in Howell v. Bradford & Co. [1911] reported in 104 L. T. Rep. 433. There the workman had made a settlement and given a receipt, in which was a release of all further claims. The workman thereafter died, and application for compensation was made by his widow and children. The appellate court followed the decision in the Williams case, above cited, and held, as therein stated, that the dependents had, under the workmen's compensation law, a separate and independent right to compensation for death of the workman and were not barred from recovery by the settlement or release, except that the compensation already paid to the workman in his lifetime must be credited upon the award made.

In Michigan C. R. Co. v. Vreeland, 227 U. S. 59, 64, 33 S. Ct. 192, 193, 57 L. ed. 417, the case was brought under the federal employers liability act, which is similar to the action provided for in part I of the workmen's compensation law, § 4261. That act, like § 4261 of our statutes, provides that the employer shall be liable for damages to an injured employe, "or, in case of the death of such employe, to his or her personal representative, for the benefit of the surviving widow or husband and children," and, if none, then to other relatives not necessary here to enumerate. That act, of course,

is limited to employes of common carriers engaged in interstate commerce and is an action for tort, based on negligence or violation of some safety act. The court said [227 U. S. 65]:

"We think the act declares two distinct and independent liabilities, resting, of course, upon the common foundation of a wrongful injury, but based upon altogether different principles. It plainly declares the liability of the carrier to its injured servant. If he had survived he might have recovered such damages as would have compensated him for his expense, loss of time, suffering and diminished earning power. But if he does not live to recover upon his own cause of action, what then? Does any right of action survive his death and pass to his representative?"

The court held that such right of action did survive to his dependents. The court quoted from the English case of Seward v. The Vera Cruz, L. R. 10 App. Cas. 59, 70, as follows [227 U. S. 70]:

"A totally new action is given against the person who would have been responsible to the deceased if the deceased had lived; an action which * * * is new in its principle, in every way new, and which can only be brought if there is any person answering the description of the widow, parent, or child, who under such circumstances suffers pecuniary loss."

If the rule so stated is applicable to an action under the federal employers liability act, it is even more clearly applicable to a proceeding under part II of our workmen's compensation law.

The court in the Vreeland case further said [227 U. S. 70]:

"But as the foundation of the right of action is the *original wrongful* injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his *wrongful injury.*" (Italics ours.)

This clearly refers only to actions at law to recover for death caused by negligence or tort of the employer. It should have no application to a proceeding under a workmen's compensation law such as ours, where the proceeding is not based on any original wrong. The

cases cited under that quoted paragraph are all actions to recover for wrongful death.

The Vreeland case, 227 U. S. 59, was followed in American R. Co. v. Didricksen, 227 U. S. 145, 33 S. Ct. 224, 57 L. ed. 456, again holding that a new and distinct right of action for the benefit of the dependent relatives named in the statute was created by the act in question.

· There are a number of state supreme court decisions holding that the action for death provided for in the workmen's compensation act is a distinct and independent cause of action in favor of the dependents. Except as shown in the decisions already cited and those hereinafter cited, we need not enumerate them. We do call attention to State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N. W. 661. In that case the widow of a deceased workman sought compensation in proceedings under the workmen's compensation act for the death of her husband. The question arose as to whether the law in force at the time of the accident or the law in force at the time of the death applied. The district court held that the law in force at the time of the death applied. This court said [131 Minn. 97]:

"The trial court was right. The claim of plaintiff for compensation does not arise from the injury to her husband, but is a new and distinct right of action created by his death."

On the question of the effect of a settlement or release by the injured workman upon the rights of the dependents to bring an action or proceeding under the workmen's compensation act for compensation for the employe's death, we find a number of well-considered cases holding that this is a separate and distinct right of the dependents and that a settlement or release by the injured employe during his lifetime is not a bar to an action or proceeding by the dependents, under a workmen's compensation law, to recover compensation for the death. King v. Viscoloid Co. 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916D, 1170; Hopper v. Wilson & Co. 111 Kan. 539, 207 P. 757; Routh v. List & Weatherly Const. Co. 124 Kan. 222, 257 P. 721, 62 A. L. R. 150; Milwaukee C. & G. Co. v. Industrial

Comm. 160 Wis. 247, 151 N. W. 245; Cripps' Case, 216 Mass. 586, 104 N. E. 565, Ann. Cas. 1915B, 828; Brashear v. Old S. C. Coal Corp. 236 Ky. 83, 32 S. W. (2d) 717; Texas Employers' Ins. Assn. v. Morgan (Tex. Civ. App.), 289 S. W. 75; Smith v. Primrose Tapestry Co. 285 Pa. 145, 131 A. 703; Boyko v. Federated Metals Corp. 11 N. J. Misc. 82, 164 A. 462; Earley v. Pacific Elec. Ry. Co. 176 Cal. 79, 167 P. 513, L. R. A. 1918A, 997; Maguire v. Cincinnati Traction Co. 33 Ohio Cir. Ct. 24; Rowe v. Richards, 35 S. D. 201, 151 N. W. 1001, L. R. A. 1915E, 1075, Ann. Cas. 1918A, 294; Halling v. Industrial Comm. 71 Utah, 112, 263 P. 78; American Steel Foundries v. Industrial Comm. 361 Ill. 582, 198 N. E. 687.

The Nebraska case of Welton v. Swift & Co. 125 Neb. 455, 250 N. W. 661, is contrary to the result here reached and holds that a settlement by the injured employe prior to his death bars his dependents from recovering further compensation after the employe's death. The Nebraska statute under which dependents claimed compensation is not before us. It is significant that the only cases cited in the decision are Nebraska cases, and the court said in its opinion that the action was barred by the Nebraska statute, Comp. St. 1929, § 48-124.

The merits of the present case are not before us. They are for the industrial commission and its referee to determine. We are not to be considered as approving the practice of using a demurrer to bring compensation cases into this court. The compensation law does not provide for this practice, and there is danger of its resulting in needless delay.

The order of the industrial commission affirming the referee in sustaining the demurrer and objection is affirmed and the writ of *certiorari* discharged.

It is ordered that there be allowed to the respondent for attorneys' fees the sum of $100, which may be included in the taxation of costs herein.