Donald C. KRUPENNY, Jr., Appellant,

v.

**WEST BEND MUTUAL INSURANCE CO., Respondent.**

No. 51946.

Supreme Court of Minnesota.

Sept. 25, 1981.

Johnson, Essling, Williams, Essling & Daly and David Essling, St. Paul, for appellant.

Jardine, Logan & O'Brien and Mark A. Fonken, St. Paul, for respondent.

YETKA, Justice.

The plaintiff, Donald C. Krupenny, Jr., appeals from the judgment entered pursuant to the trial court's order granting summary judgment in the defendant's favor. We affirm.

The plaintiff brought this action against his employer's motor vehicle liability insurer, West Bend Mutual Insurance Company, to recover no-fault benefits under the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1980). On February 24, 1976, the plaintiff was employed by Krupenny & Sons Disposal Service, a trash hauling business. On that day, the plaintiff and another employee, his brother, were making their rounds with a garbage truck that was designed to pick up and unload company-owned "dipsy dumpsters." The truck has a lever and hook which lifts the dumpster mechanically and unloads it into the back of the truck. The switch that activates this process is located at the rear of the truck.

The plaintiff and his brother were standing at the rear of the truck when the hook bent, causing the dumpster to fall on the plaintiff. The plaintiff and his brother would have continued on their route but for the accident. It is undisputed that the plaintiff was struck by the dumpster and not by a part of the vehicle.

The plaintiff received workers' compensation benefits through his employer's insurance carrier. He commenced and settled actions against two third-parties. The plaintiff also instituted this no-fault action. The defendant's motion for summary judgment was granted. The basis for the trial court's ruling was that the injury was not the result of the "maintenance or use of a motor vehicle," see Minn.Stat. § 65B.43, subd. 3 (1980), and that coverage in this case would be contrary to the principles and philosophy of the Act. Judgment was entered and this appeal followed.

We agree with the trial court's finding that no material facts were in dispute. Summary judgment was properly granted under Minn.R.Civ.P. 56. Therefore, the only remaining issue is whether the plaintiff's injury arose out of the "maintenance or use of a motor vehicle" as required for the recovery of basic economic loss benefits under the Minnesota No-Fault Automobile Insurance Act.

The Act provides, subject to limitations:

If the accident causing injury occurs in this state, every person suffering loss from injury arising out of *maintenance or use* of a motor vehicle has a right to basic economic loss benefits.

Minn.Stat. § 65B.46, subd. 1 (1980) (emphasis supplied). The Act also states:

"Maintenance or use of a motor vehicle" means maintenance or use of a motor vehicle *as a vehicle, including*, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does *not* include ... (2) conduct in the course of loading and unloading the vehicle *unless* the conduct occurs while occupying, entering or alighting from it.

Minn.Stat. § 65B.43, subd. 3 (1980) (emphasis supplied).

We have discussed the "maintenance or use" issue in a long line of cases since enactment of the Minnesota No-Fault Automobile Insurance Act.[1] However, we

---

1. *See, e. g., Haagenson v. Nat'l Farmers Union Prop. & Cas. Co.*, 277 N.W.2d 648 (Minn.1979); *National Family Ins. Co. v. Boyer*, 269 N.W.2d 10 (Minn.1978); *Holm v. Mutual Service Cas. Ins. Co.*, 261 N.W.2d 598 (Minn.1977); *Engeldinger v. State Auto & Cas. Underwriters*, 306

have never directly construed the "loading and unloading" clause of the Act. We hold that the statutory language of that clause is controlling in the present case.

The comments to the Uniform Motor Vehicle Accident Reparations Act, from which this section was adopted, do not require that the "loading and unloading" be performed by hand. Rather, the comments note that this term "has produced some of the most extreme interpretations" in insurance litigation and conclude that the term "is consistent with the philosophy of this Act, to compensate losses resulting directly from motoring accidents and to leave to other forms of insurance and compensation systems those losses which are tangential to motorists." Uniform Motor Vehicle Accident Reparations Act § 1(a)(6), Comment. The fact that the injury arose out of the mechanical unloading of the dumpster brings this section into operation.

The plaintiff was neither "occupying" nor "alighting from" the garbage truck when the dumpster fell. Krupenny was also not "entering" the truck as we construed that term in *Haagenson v. National Farmers Union Prop. & Cas. Co.*, 277 N.W.2d 648, 652 (Minn.1979), where we noted that the jury could have reasonably found that Haagenson had started to enter the vehicle by opening the door when he slipped and was electrocuted. Since none of the three statutory exemptions in the "loading and unloading" clause has been met, we hold that the accident did not arise out of the vehicle's "use."

Affirming the decision below is consistent with two of the general purposes of the Act, which are:

(1) To relieve the severe economic distress of uncompensated victims of *automobile accidents* * * *;

(3) To encourage appropriate medical and rehabilitation of the *automobile accident* victim * * *.

Minn.Stat. § 65B.42(1), (3) (1980) (emphasis supplied). Denying no-fault benefits and allowing workers' compensation benefits is

consistent with the purpose of the workers' compensation statute, which is to compensate workers for injuries caused by an accident arising out of and in the course of employment. *Lewis v. Connolly Contracting Co.*, 196 Minn. 108, 264 N.W. 581 (1936).

Affirmed.

Minn. 202, 236 N.W.2d 596 (1975); *Associated Indep. Dealers, Inc. v. Mutual Service Ins.* *Companies*, 304 Minn. 179, 229 N.W.2d 516 (1975).