## KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,

v.

### Janice S. HALL, Appellee.

### Janice S. HALL and Russ Wilkey, P.S.C., Cross–Appellants,

v.

## KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Cross–Appellee.

### Nos. 89–CA–820–S, 89–CA–922–S.

Court of Appeals of Kentucky.

Jan. 18, 1991.

Discretionary Review Denied by Supreme Court May 30, 1991.

R. Scott Plain, Wilson, Wilson & Plain, Owensboro, for appellant, cross-appellee.

Russell Lynn Wilkey, PSC, Owensboro, for appellee, cross-appellants.

Before CLAYTON, DYCHE and HOWERTON, JJ.

HOWERTON, Judge.

Kentucky Farm Bureau appeals from a summary judgment of the Daviess Circuit Court directing it to pay Janice Hall $6,318.40 for medical expenses and $1,200.00 for lost wages. Hall cross-appeals, claiming that the trial court erred by denying her claim for an attorney's fee and interest. We affirm on both the appeal and the cross-appeal.

The amounts recovered were stipulated, as were the other facts. On August 17, 1987, at approximately 8:00 a.m., Hall was driving a vehicle owned by her husband and insured by Farm Bureau. She was struck in the eye by an object propelled by a lawn mower being operated near the street. A claim was made for basic reparation benefits, which was denied by Farm Bureau. Suit was filed, and the summary judgment was rendered. The basic question to be decided is whether Hall's injury arose out of the use of a motor vehicle under Kentucky's no-fault insurance law. We conclude that it did.

Basic reparation benefits are authorized by KRS 304.39–010–040. Subsection 010 lists the purposes of the Motor Vehicle Reparations Act to be, in part: "To provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident ...; [and] [t]o encourage prompt medical treatment and rehabilitation of the motor vehicle accident victim by providing for prompt payment of needed medical care and rehabilitation[.]" KRS 304.39–010(2) and (3). KRS 304.39–030(1) provides in pertinent part, "If the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits...." KRS 304.39–040(2) also provides in pertinent part, "Basic reparation obligors ... shall pay basic reparation benefits, under the terms and conditions stated in this subtitle, for loss from injury arising out of maintenance or use of a motor vehicle."

In *State Farm Mutual Automobile Insurance Company v. Rains*, Ky., 715 S.W.2d 232 (1986), we read, at 234, "We hold that basic reparation benefits are payable pursuant to KRS 304.39–030(1) and 040(2) only when there is a causal connection between the injuries and the maintenance or use of the motor vehicle." *See also United States Fidelity & Guaranty Co. v. Western Fire Ins. Co.*, Ky., 450 S.W.2d 491 (1970). *Rains* was consolidated with the appeal of *Smith v. State Farm Mutual Automobile Ins. Co.*, and both Rains and Smith were denied recovery for basic reparation benefits. Rains had become involved in a fight with people who were already fighting on and around his vehicle. He was struck with a bat when he attempted to enter his vehicle. Those facts failed to suffice as a showing that his use of his vehicle caused his injury. The case

involving Smith resulted from an intentional shooting by a third party. The court determined that the only connection between the victim and the motor vehicle was incidental, that it was not a motor vehicle accident which contributed to the injury, and that Smith was not a victim of a motor vehicle accident.

■ Although the case at bar is somewhat similar to the facts concerning the shooting of Smith, we nevertheless find significant differences in the two cases and we believe that Janice Hall is entitled to recover basic reparation benefits. She was using a motor vehicle, and, unlike Rains or Smith (who were injured by intentional acts), her injury resulted from a pure unintentional accident. We believe that she would clearly be entitled to recover, had she been injured as the result of a rock falling from the side of a road while going through a cut in a hill, or from being injured by a rock pitched by the tire of another vehicle or even as a result of some bird or animal striking the vehicle, and directly causing an initial injury to an occupant. Any of these would be accidental injuries occurring out of the use of a vehicle, and causally related to the use of the vehicle. Although Ms. Hall might have been struck by a rock thrown from a lawn mower while walking down the street, her basic reparation benefits coverage is not applicable to the situation of a pedestrian. She is covered, however, from accidental injury which is causally related to her operation of the motor vehicle. We find such a causal connection to exist in this case.

This case raises many interesting questions. For example, what would be the result if a person were injured by a rock dropped by a child from an overpass which struck the car while passing underneath? Would it make any difference if there were not only an initial injury from the thrown rock, but also further injuries because of a subsequent collision by the vehicle with another object? Would the initial injury be treated differently from the subsequent injury? In this day and age, such events are certainly foreseeable possibilities. Some people just do absurd, dangerous and devilish things without directing their intent to harm a specific individual. A reasonable interpretation of the insurance contract and the statutes allows for recovery in such situations. *See Grimes v. Nationwide Mut. Ins. Co.*, Ky.App., 705 S.W.2d 926 (1985). We would indeed have an absurd result if we were to deny Hall a recovery for the initial injury due to being hit by the rock but then were to allow her to recover for additional injuries she might have sustained had she subsequently crashed into some object. Fortunately, that did not occur, and her initial injury was not further compounded.

The statutes allow for basic reparation benefits due to accidental injury arising out of the use or maintenance of a motor vehicle. Although the required causal connection between the injury and the use of the vehicle should be more than incidental, the requirement is satisfied if the injury is reasonably identifiable with the normal use or maintenance of a vehicle and is reasonably foreseeable. This should certainly be true in unintentional and negligent situations, and even in intentional situations where the perpetrator is acting against the passing vehicle rather than directing the harm to a specific driver or passenger in a vehicle, such as in the shooting of Smith.

■ Hall has cross-appealed, claiming that the court erred in denying her recovery of an attorney's fee and interest as a penalty for Farm Bureau's failure to promptly pay her benefits. We agree with the trial court. Hall's claim was new, novel, and uncertain enough that there is no indication of bad faith on the part of Farm Bureau in refusing to make a settlement. Its defense was based on substantial grounds and was proper.

*For the foregoing reasons, we affirm the summary judgment of the Daviess Circuit Court on the appeal and on the cross-appeal.*

CLAYTON, J., concurs.

DYCHE, J., dissents.

DYCHE, Judge, dissenting.

By a 6–1 vote in *State Farm Mutual Automobile Insurance Company v. Rains*, Ky., 715 S.W.2d 232 (1986), our Supreme Court rejected the "positional risk" interpretation of the MVRA's basic reparation benefits provisions. Although the majority opinion herein attempts to factually distinguish the present facts from those in *Rains* and its companion case, and then decide this case on a "causal connection" basis, it in reality adopts "positional risk" analysis.

There is no causal connection between the use of the motor vehicle by Ms. Hall and her injuries. Speculation about landslides, errant birds or animals, mischievous children and human nature in general does not change what happened in this case.

We cannot predict with certainty changes which higher courts might make in statutory construction; we do know, however, that at this moment "causal connection" is favored over "positional risk." That being so, I must respectfully dissent. SCR 1.030(8)(a).