**Christopher M. VanGUILDER,
Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,
Respondent.**

**No. C4-92-1559.**

Court of Appeals of Minnesota.

Jan. 26, 1993.

Review Denied March 16, 1993.

Robert M. Kaner, Duluth, for Christopher M. VanGuilder, appellant.

Robert H. Magie, III, Crassweller, Magie, Andresen, Haag & Paciotti, Duluth, for Allstate Ins. Co., respondent.

Considered and decided by CRIPPEN, P.J., and LANSING, and KLAPHAKE, JJ.

## OPINION

LANSING, Judge.

An insured under a standard automobile insurance policy appeals a summary judgment denying coverage for failure to establish that his injuries arose out of the use of a motor vehicle.

## FACTS

While riding as a passenger in a pickup truck, Christopher VanGuilder was struck in the head by a rock. The passenger-side window was partially rolled down, and the rock was thrown up from underneath a lawn mower as the truck passed a high school football field.

VanGuilder held a standard automobile insurance policy with Allstate which provided "no-fault" benefits in accordance with Minnesota statutory requirements. Allstate refused to compensate VanGuilder's injuries and moved for summary judgment under the theory that the accident did not arise out of the use of a motor vehicle as required by Minn.Stat. § 65B.44. The district court granted the motion and VanGuilder appeals.

## ISSUE

Does an injury to a moving-vehicle occupant caused by a rock propelled from a lawn mower arise out of the use of a motor vehicle for purposes of "no-fault" benefits?

## ANALYSIS

Minnesota's "no-fault" insurance law requires compensation for injuries that arise

out of the use or maintenance of motor vehicles. Minn.Stat. § 65B.44, subd. 1 (1988). The Minnesota Supreme Court has established a three-factor approach to determine when injuries arise out of the use or maintenance of a motor vehicle. *Continental W. Ins. Co. v. Klug*, 415 N.W.2d 876 (Minn.1987).

The *Klug* factors are (1) a degree of causation between the automobile and the injury that makes the vehicle an active accessory in causing the injury, (2) continuity of the causal link uninterrupted by significant independent acts, and (3) the injury must result from use of the automobile for transportation purposes. *Id.* at 878.

The truck carrying VanGuilder as a passenger was indisputably being used for transportation purposes, and Allstate does not argue that an act of independent significance intervened. Therefore, coverage turns on the first factor: the extent of causation between the vehicle and the accident, and whether the truck was an active accessory in causing VanGuilder's injury.

No reported Minnesota cases decide coverage for injuries caused when an occupant of a moving vehicle is accidentally struck by an external airborne object. *Cf. Klug* (injuries sustained by a motorist assaulted by a driver with a shotgun arose out of the use of assailant's vehicle); *State Farm Fire & Cas. Co. v. Strope*, 481 N.W.2d 853 (Minn.App.1992) (accidental discharge of a gun inside a moving vehicle did not arise out of vehicle's use), *pet. for rev. denied* (Minn. May 15, 1992). A Kentucky appellate court addressing this specific issue held that a motorist's injuries caused by a rock thrown from a lawn mower arose out of the use of a motor vehicle for purposes of no-fault insurance coverage. *Kentucky Farm Bureau Mut. Ins. Co. v. Hall*, 807 S.W.2d 954 (Ky.Ct.App.1991), *pet. for rev. denied* (Ky. May 30, 1991); *see also Kreighbaum v. Automobile Club Ins. Ass'n*, 170 Mich.App. 583, 428 N.W.2d 718 (1988) (injuries sustained when motorist struck by hunter's stray bullets arose out of vehicle's use), *pet. for rev. denied* (Mich. Nov. 22, 1989).

The causation factor identified in *Klug* has been held to be "something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury." *Tlougan v. Auto Owners Ins. Co.*, 310 N.W.2d 116, 117 (Minn.1981) (injury to child playing with matches in cab of pickup truck did not arise out of vehicle's use). Relying on this principle, the trial court reached the legal conclusion that coverage did not attach because the truck was the "mere situs" of VanGuilder's injury. We interpret the *Klug* causation factor to apply more broadly.

Although it is true, as Allstate argues, that the accident theoretically could have occurred if VanGuilder had been walking or riding a bicycle, that alone is not dispositive. The injury was caused as much by VanGuilder running into the rock as it was by the rock running into him. Because the motion of the vehicle was an indispensable contributing factor to the occurrence of the injury, the truck was more than the mere situs of the injury. We conclude, on these facts, that the use of the truck was an active accessory in causing VanGuilder's injury.

In deciding motorist coverage disputes, Minnesota courts have attempted to compensate losses resulting directly from motoring and to leave to other forms of insurance and compensation systems those losses which are tangential to motorists. *Krupenny v. West Bend Mut. Ins. Co.*, 310 N.W.2d 133, 135 (Minn.1981). We view VanGuilder's injury as relating to a risk of motoring and within the *Klug* causation factor. We hold that an injury that occurs when an occupant in a moving vehicle is accidentally struck by a rock propelled from a lawn mower arises out of the use of a motor vehicle for purposes of no-fault insurance coverage.

### DECISION

The district court erred in concluding that VanGuilder's injuries did not arise out of the use of a motor vehicle.

Reversed.