Danny R. KEY and Beverly W. Key, Appellants,

v.

Ronald RAGER (d/b/a Rager Trucking), United Southern Assurance Co., and Ronald Rager (individually), Appellees.

92–CA–85–MR.

Court of Appeals of Kentucky.

March 5, 1993.

Discretionary Review Dismissed by the Supreme Court Aug. 26, 1993.

Lucius P. Hawes, Jr., Hawes, Richardson, Cameron & Burman, Hopkinsville, for appellants.

John P. Kirkham, Hopkinsville, for appellees.

Before EMBERTON, GARDNER and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment denying basic reparation benefits to the appellant, Danny R. Key. Mr. Key entered the cab of a large truck owned by the appellee Ronald Rager through the passenger door after finding the driver's side door locked. Before sliding over to the driver's seat, the appellant attempted to light a cigarette, at which time an explosion occurred. The appellant was thrown from the truck and sustained severe burns and other injuries. The appellant filed a complaint alleging negligence claims in addition to seeking basic reparation benefits from the appellee United Southern Assurance Company. The circuit court entered summary judgment on the negligence claims and dismissed the appellant's claim for basic reparation benefits after hearing evidence and making findings of fact. The appellant concedes the circuit court was correct in entering summary judgment on the negligence claims, but takes issue with the disposition of his claim seeking basic reparation benefits.

The Supreme Court construed Kentucky's Motor Vehicle Reparations Act in *State Farm Mutual Auto. Ins. Co. v. Rains,* Ky., 715 S.W.2d 232 (1986), and held that basic reparation benefits (BRB) are payable to "victims of *motor vehicle accidents* for injuries *arising out of the use of a motor vehicle.*" *Id.* at 233 (emphasis original). The six-member majority of the Court declined to adopt the "positional risk" doctrine advocated by Justice Leibson in his dissent in *Rains. See id.* at 234–37 (Leibson, J., dissenting). The majority took into account the purposes of the Motor Vehicle Reparations Act, which are to provide for a system of "motor vehicle acci-

dent" reparations. *See* KRS 304.39–010. It held that BRB are payable "not to all persons while making use of a motor vehicle, but only to those persons injured while making use of a motor vehicle whose injuries arose out of the use of the motor vehicle." *Id.* at 234. A causal connection between the injury and the maintenance or use of a motor vehicle must exist for the recovery of BRB. *Id.* In other words, the Court appears to have ruled that the maintenance or use of the motor vehicle must have been a substantial factor in causing the injury and not just an incidental cause.

The Court in *Rains* found that the injuries under consideration lacked the requisite causal connection to allow the plaintiffs to recover BRB. One plaintiff was attacked when he attempted to enter his car. The other plaintiffs were the driver of a vehicle who was shot and killed while operating the vehicle and a passenger who was subsequently shot and injured as he attempted to crawl away from the wrecked vehicle. The Court stated that each plaintiff had failed to show that he was the victim of a motor vehicle accident since "the only connection between the victims and a motor vehicle was incidental."

On the other hand, the requisite causal connection was held to be present in *Kentucky Farm Bureau Mut. Ins. Co. v. Hall,* Ky.App., 807 S.W.2d 954 (1991), in which a passenger in a vehicle who was struck in the eye by an object propelled by a lawn mower was allowed to recover BRB. A panel of this court with one dissent held that the causal connection requirement is satisfied "if the injury is reasonably identifiable with the normal use or maintenance of a vehicle and is reasonably foreseeable." *Id.* at 956. Whether this test comports with that in *Rains* we need not consider since it is unnecessary to our decision.

The circuit court found that no proof was introduced as to the actual cause of the explosion although it stated a reasonable inference to be drawn from the evidence was that explosive vapors in or around the truck had been ignited by the lighter, but that no proof was offered as to the nature or source of the vapors. It went on to find that "the explosion was not caused by anything germane to a normal diesel truck and that it was caused by something external to the fuel and electrical systems of the vehicle." No argument is made that the findings are clearly erroneous; nevertheless, these findings did not necessarily dispose of the key issue which is not whether the vehicle itself caused the injury, but whether the use of the vehicle caused the injury.

Based upon the evidence and findings, it seems inescapable that since the lighter itself did not explode, the cab of the truck had somehow been filled with vapors of an explosive nature, and because of this condition, there was an explosion which resulted from Mr. Key's use of the vehicle. *See* KRS 304.39–020(6). His use of the truck on that particular occasion because of the condition within the cab plainly was a substantial factor in causing his injury.

The judgment of the circuit court is reversed and this case is remanded for entry of a judgment in conformity with this opinion.

All concur.