# THE HARTFORD INSURANCE COMPANIES OF AMERICA, Appellant,

v.

# KENTUCKY SCHOOL BOARDS; Insurance Trust, Appellee.

No. 1998–CA–001771–MR.

Court of Appeals of Kentucky.

Oct. 1, 1999.

Discretionary Review Denied by Supreme Court June 7, 2000.

---

Debra S. Pleatman, Joseph L. Baker, Covington, Kentucky, for appellant.

The law firm of Middleton Reutlinger by David J. Kellerman, Mark S. Fenzel, Louisville, Kentucky, for appellee.

Before: GARDNER, MILLER and SCHRODER, Judges.

## OPINION

GARDNER, Judge:

The Hartford Insurance Companies of America (Hartford) appeals from an order of the Franklin Circuit Court granting summary judgment for the Kentucky School Boards Insurance Trust (KSBIT). This case stems from an accident during which a Knox County student was struck by a truck while crossing the street after exiting a school bus. The primary issue is whether the Knox County school system's motor vehicle insurance policy through Hartford or the school system's general

liability insurance policy through KSBIT covers the injuries received from the accident. After carefully reviewing the record and the applicable law, this Court affirms.

On November 14, 1995, Vickie Baker (Baker), a second grader in the Knox County school system was a passenger on a school bus driven by Jerry Corey, an employee of the Knox County Board of Education. Corey slowed and stopped the bus at a bus stop near Vickie's home. The bus stop was located across Kentucky Highway 1304 from Vickie's house. Vickie exited the bus, and while she stepped out from the front of the bus and crossed the street, a coal truck passed the bus on its left side and struck Vickie.[1] Vickie died several hours later.

Vickie's parents settled legal claims against the driver and owner of the coal truck. In November 1996, they filed a tort action in Knox Circuit Court against the Knox County School Board (the board), its superintendent, the director of transportation and Corey, the school bus driver. On the date of the accident, the board had a motor vehicle insurance policy with Hartford and a general liability insurance policy with KSBIT. Hartford and KSBIT both defended the board and its employees in Knox Circuit Court. The parties settled the action for $400,000, with Hartford and KSBIT each contributing $200,000 toward the settlement. Hartford and KSBIT both retained the right of indemnity against the other pending a final decision in the action.

Hartford brought a declaratory judgment action in Franklin Circuit Court. Hartford and KSBIT agreed that no issues of material fact existed, and both parties moved for summary judgment. In May 1996, the circuit court granted a summary judgment for KSBIT. The court had to determine whether Vickie's fatal injuries arose from the "use" of the school bus. It concluded that Vickie's injuries and subsequent death resulted from the use of the

school bus, and since Hartford's and KSBIT's policies were mutually exclusive, Hartford must provide coverage under its motor vehicle insurance liability policy. The court considered Kentucky statutes and case law regarding what constitutes use of a motor vehicle. The court noted that no Kentucky case had considered what constitutes use of a vehicle in regards to a school bus. The court considered case law from other jurisdictions and specifically, it heavily relied upon *State Farm Mut. Auto. Ins. Co. v. Kentucky School Boards Ins. Trust,* 851 F.Supp. 835 (E.D.Ky.1994), in concluding that Vickie was still "using" the school bus at the time she was struck by the coal truck. The circuit court held that a child continues to use a school bus until such time as the child has safely reached the other side of the road under the protection of a bus's stop arm and flashing lights. Hartford has appealed from the circuit court's order granting summary judgment for KSBIT.

Hartford argues on appeal that this Court should reverse the circuit court's granting of summary judgment for KSBIT, because the circuit court adopted a construction of policy language previously explicitly rejected by this state's highest court in *West American Ins. Co. v. Dickerson,* Ky., 865 S.W.2d 320 (1993). As part of its argument, Hartford maintains that the court used bad policy, because the liability should rest against the school board's general liability insurer, not the motor vehicle liability insurer. We have concluded that the circuit court ruled correctly and decline to reverse its ruling.

Kentucky Revised Statute (KRS) 304.39–020(6) provides, " '[u]se of a motor vehicle' means any utilization of the motor vehicle as a vehicle including occupying, entering into and alighting from it." In general, a court must determine whether an injury arose out of the use of a motor

---

1. The coal truck driver stated that his brakes failed, and he passed the bus on the left to avoid ramming it from behind.

vehicle under Kentucky's no-fault insurance law. *Kentucky Farm Bureau Mut. Ins. Co. v. Hall,* Ky.App., 807 S.W.2d 954, 955 (1991). A party must show that the injury was sufficiently use connected to be considered reasonably within the contemplation of the parties to the automobile insurance contracts involved. *United States Fidelity & Guaranty Co. v. Western Fire Ins. Co.,* Ky., 450 S.W.2d 491 (1970). A party satisfies this requirement by showing that the injury is reasonably identifiable with the normal use or maintenance of a vehicle and is reasonably foreseeable. *Kentucky Farm Bureau Mut. Ins. Co. v. Hall,* 807 S.W.2d at 955.

In *West American Ins. Co. v. Dickerson, supra,* the Kentucky Supreme Court had to decide in a personal automobile case, whether a claimant's injuries arose out of the use of the automobile. Specifically, the court was asked to determine what constitutes "alighting from" a personal vehicle. The court adopted a middle ground approach and held that an individual has not finished alighting from a vehicle at least until both feet are planted firmly on the ground. *West American Ins. Co. v. Dickerson,* 865 S.W.2d at 322. Hartford. maintains that this Court must follow this rule in the instant case. We have concluded that the facts in the case at bar are fundamentally distinguishable from *West American Ins. Co. v. Dickerson, supra.*

This Court has uncovered no Kentucky case which has addressed a situation where a student has been struck while crossing the street after exiting a school bus. The Kentucky General Assembly has recognized the dangers involved with children exiting school buses and has provided in KRS 189.370(1),

> If any school or church bus used in the transportation · of children is stopped upon a highway for the purpose of receiving or discharging passengers, with

the stop arm and signal lights activated, the operator of a vehicle approaching from any direction shall bring his vehicle to a stop and shall not proceed until the bus has completed receiving or discharging passengers and has been put into motion.

*See also* KRS 389.375. "No driver shall stop a school or church bus for receiving or discharging passengers in a no passing zone which does not afford reasonable visibility to approaching motor vehicles from both directions." KRS 189.375.

In the ·instant case, the circuit court relied heavily upon *State Farm Mut. Auto. Ins. Co. v. KSBIT, supra.* In that case, a student was struck by a car and killed after he exited a school bus, and the court held that the school board's motor vehicle insurance policy covered the injuries received from the accident. The court examined decisions from other jurisdictions and ruled that since the bus was waiting with flashing lights and an extended stop sign for the child to reach the other side of the road safely, the bus was still in use under the terms of the motor vehicle insurance policy. The court reasoned that until the child had reached the other side of the street safely and while under the bus's protection of flashing lights, the school bus had not stopped operating· as a school bus in relation to the child. *State Farm Mut. Auto. Ins. Co. v. KSBIT,* 851 F.Supp. at 838.[2]

Courts from other jurisdictions have ruled on this issue and held that the school board's motor vehicle insurance policy applies in scenarios very similar to the case at bar. In *Lebanon Coach Co. v. Carolina Cas. Ins. Co.,* 450 Pa.Super. 1, 675 A.2d 279 (1996), the court ruled that the use of the bus continues until each child has crossed any immediate road and is in a place of safety towards that destination. The court held that in such cases, the

---

**2.** Hartford maintains that this case is not valid, because the Sixth Circuit Court of Appeals in an unpublished opinion ruled oppositely. We must note that the Sixth Circuit opinion was not published so it is not citable, and further, it did not address *State Farm Mut. Auto. Ins. Co. v. KSBIT, supra.*

motor vehicle insurer has a duty to defend as well as to provide coverage should a jury find negligence. *Id.* at 292. Similarly, in *Kantola v. State Farm Ins.*, 62 Ohio Misc. 11, 405 N.E.2d 744 (1979), the court noted that coverage should not depend on whether the school bus rider lives on the right or left side of the street, and the court held that alighting from a school bus means reaching a place of safety. The court in *Georgia Farm Bureau Mut. Ins. Co. v. Greene*, 174 Ga.App. 120, 329 S.E.2d 204 (1985), held that the use of a school bus includes transporting children to and from school and unloading the school bus, and such unloading encompasses not only depositing students outside the bus but also assuring that they reach a place of safety, which may include crossing a street. *See also Faber v. Roelofs*, 311 Minn. 428, 250 N.W.2d 817 (1977); *Beatty By and Through Beatty v. Charlotte— Mecklenburg Board of Education*, 99 N.C.App. 753, 394 S.E.2d 242 (1990).

The policies of KSBIT and Hartford in the instant case contained mutually exclusive clauses. The Hartford policy stated,

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

The Hartford policy also contained the Kentucky Standard School Bus Endorsement which provides in relevant part,

> "School Bus" use is defined as: (a) The transportation of school children, students and teachers to and from school, school games and school outings: (b) the incidental transportation of guests or guardians of school children in connection with any school activity: and (c) operation necessary and incidental to such transportation *shall include but not be limited to supervision and discipline of students as required of drivers and driver assistants as set forth and required in State Regulations. ...*

The KSBIT general liability policy stated,

> This insurance does not apply to: (g) "Bodily injury" or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."

 In the instant case, summary judgment was clearly appropriate, because the parties had stipulated to the applicable facts, and the court was asked to construe terms of insurance contracts, which is a matter of law. *See Mutual Life Ins. Co. of New York v. Smith*, 257 Ky. 709, 79 S.W.2d 28 (1935); *Perry's Adm'x. v. Inter– Southern Life Ins. Co.*, 254 Ky. 196, 71 S.W.2d 431 (1934); *Walker v. Economy Preferred Ins. Co.*, Ky.App., 909 S.W.2d 343 (1995); *Hendrix v. Fireman's Fund Ins. Co.*, Ky.App., 823 S.W.2d 937 (1991). Hartford maintains that the school board's liability in this case arose as a result of the board's negligent decision to place a bus stop at a dangerous blind curve on a two lane highway. It contends that the board's general liability insurance policy applies, because Vickie's fatal injuries did not arise out of the use of the school bus. This Court believes that the circuit court correctly ruled that school bus cases are distinguishable from the facts in *West American Ins. Co. v. Dickerson, supra.* The circuit court correctly applied the holding in *State Farm Mut. Auto. Ins. Co. v. KSBIT, supra*, and cases from other jurisdictions which applied similar rules. The holding in these cases pursuant to the applicable motor vehicle insurance polices that a child is still "using" a school bus after disembarking as long as he or she is crossing the street under the protection of the bus's warning lights and stop arm, and until he or she has reached a place of safety such as on the opposite curb, are sound legally and as a matter of public policy. The soundness of this rule is evi-

denced by the actions of the Kentucky legislature which has addressed the inherent dangers involved with children entering and exiting school buses. Thus, the General Assembly has required school buses to have warning lights and stop signs and has required drivers on both sides of two lane roads to stop while children are entering and exiting a school bus. It has enacted penalties for drivers who do not comply. The circuit court's ruling in this case does not circumvent the holding in *Dickerson* as that case involved a private automobile, not a school bus. Under the terms of the board's policy with Hartford, Vickie was still "using" the bus at the time that she was struck by the coal truck. We decline to disturb the circuit court's ruling on this matter.

■ Hartford also maintains that the circuit court failed to give due consideration to the fact that the negligence causally connected to Vickie's death arose from the administrative negligence of the school board and the placement of the bus stop, not in the operation of the bus itself. KSBIT counters that coverage is determined by the language of the applicable insurance policies, not the allegations of the complaint in the tort action. As discussed earlier, based upon the insurance policies at issue and the applicable facts of this case, the circuit court correctly held that Hartford's policy applies, as Vickie's death arose out of the "use" of the school bus. Thus, Hartford had a duty to defend in this case. *See Thompson v. West American Ins. Co.*, Ky.App., 839 S.W.2d 579 (1992); *see also Kentucky Farm Bureau Mut. Ins. Co. v. Hall*, 807 S.W.2d at 955–56. The KSBIT policy contained language that excluded coverage if the injuries arose out of the use of an auto. The trial court correctly applied the principles in *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991), and its progeny in granting summary judgment for KSBIT.

For the foregoing reasons, this Court affirms the judgment of the Franklin Circuit Court.

SCHRODER, Judge, concurs.

MILLER, Judge, concurs in result only.